## NEW ORLEANS, JACKSON AND GREAT NORTHERN RAILROAD COMPANY *v.* THOMAS B. LEA.

The certificate of the secretary of an incorporated company, bearing its seal, affords *prima facie* evidence of the facts therein stated.   The court is bound to presume, from such certificate, that legal notice was given to the stockholders of the company of a meeting of which they were entitled to be notified.   A special tax was imposed in aid of the corporation, the holders of the tax receipts to become stockholders in the company for the amount thereof.   *Held:* That the payment of the tax does not release the stockholders from the obligations contracted by them under the charter. Instalments of the subscription of the stockholders, fixed and required to be paid in by resolutions of the Board of Directors, cannot be regarded as open accounts, and prescribed against as such. Such instalments may be considered at least as equal to *accounts stated.*

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *George W. Christy,* for plaintiffs.   *W. J. Vason,* for defendant and appellant.

VOORHIES, J.   This suit is brought to recover from the defendant the sum of $1000, amount of his subscription to forty shares of the capital stock of the New Orleans, Jackson and Great Northern Railroad Company.

The action is resisted by the defendant on several grounds, one of which is that the plaintiff, although bearing the same name, is not the same company to whose capital stock he subscribed, but a company since created by a Legislative Act entitled "An Act to incorporate the New Orleans, Jackson and Great Northern Railroad Company," into which the former was merged, and the terms, conditions and stipulations of its charter materially altered, by extending it from a limited to a perpetual corporation, increasing its capital stock from three to eight millions of dollars, and removing all restrictions upon the powers of the President and Directors, so as to lead to other changes as to the manner of subscribing to and paying for the the stock and constituting the Board of Directors, &c.

The New Orleans, Jackson and Great Northern Railroad Company was incorporated under the legislative Act, entitled "An Act for the organization of corporations for works of public improvement and utility," approved March 11th, 1852.   Under the 5th section of that Act, the stockholders of any corporation, at a general meeting convened for that purpose, are authorized to make any modification, addition, or change in their act of incorporation, with the assent of those representing three-fourths of the stock at such meeting.   As that section must be considered as constituting a part of the charter of the company to which the defendant is a party, it is, therefore, binding upon him ; moreover, the 9th section of the charter itself provides, "that all meetings of stockholders called for the purpose of increasing or diminishing the capital stock of the company, or for any of the purposes enumerated in the 5th section

of the Act of the 12th of March, 1852, shall be composed of persons holding in their own right, or as agents for others, at least three-fourths of the stock of the company, in order to take valid and binding action in the premises."

The question then recurs, were the amendments to the charter of the company under the legislative Act of the 22d of April, 1853, assented to or sanctioned by the siockholders? The evidence shows that at a general meeting of the stockholders of the company, held on the 30th of April, 1853, they were submitted to the consideration of said meeting and sanctioned by the vote of stockholders representing 19959 shares, more than three-fourths of the entire stock of the company, and that none of the stockholders voted against them. But it is objected by the defendant, that the proof on this point is defective and insufficient. We do not think so. The certificate of the secretary, bearing the seal of the company, affords, in our opinion, *prima facie* evidence of the facts therein stated. Angell and Ames on Cor., § § 635, 679. The *onus* was, therefore, on the defendant to show the falsity of the certificate in this case, and he has not attempted to do so. It is argued from the fact that the meeting was held only a few days after the passage of the legislative Act, that legal notice was not given to the stockholders of such meeting. We are bound to presume from the certificate of the secretary of the company that such notice was given. We can perceive no good reason why it could not have been done prior to the passage of the Act, the provisions of which the stockholders had doubtless been apprised, previous to their enactment. The objection that the amendments were not sanctioned by the requisite number of votes, appears to us to be equally untenable. The charter provides that, "the corporation shall go into operation and be organized so soon as shares of stock to the amount of $300,000 shall have been subscribed." The subscription to stock by private individuals at the date of the trial below, as shown by the evidence, amounted to $617,000, equal to 24,680 shares. At the time of the meeting, neither the State nor the city had subscribed to stock in the company. The Acts autorizing them to subscribe were passed, the one relating to the State on the 28th of April, 1853, and the other to the city, on the 15th March, 1854. There is no proof of any previous subscription either by a parish or municipal corporation under the provisions of the legislative Act of the 12th of March, 1852. Had such subscription existed, the burden was on the defendant to have shown it. The other objection urged in connection with this ground do not appear to us pertinent to the subject-matter in controversy or defence to the action.

The second ground of defence may be considered, we think, as a corollary of the preceeding one.

The third ground urged by the defendant is, that since his subscription a special tax has been levied by the Common Council on his real estate and slaves in the city, for the benefit of the plaintiff, in pursuance of a legislative Act, to be collected annually for twenty years, on account of which he has already paid the sum of $396 50, which he is entitled to have imputed to the payment of any just debt that he may be legally liable to the plaintiff for ; and, moreover, that he is discharged from his subscription in consequence of said tax, which he also urges to be illegal and unconstitutional. Under the law and city ordinance, holders of such tax receipts become stockholders in the company for the amount thereof. The stockholders of the company were not, as we are aware of, exempted from the payment of the tax thus levied, nor can such payment have the effect of releasing them from the obligations which they have

JACKSON R. R.
*v.*
LEA.

contracted under the charter. The question as to the legality and constitutionality of the tax is a matter in our opinion which cannot be properly considered between the parties to this action.

The prescription of three years is also interposed by the defendant as a bar to the action. The written contract of the defendant is for the payment of a specific sum of money, to be payable or exigible by instalments as should be required under the terms of the charter, Instalments of the subscription of the stockholders, fixed by resolutions of the Board and required to be paid in, cannot, in our opinion, be viewed in the light of *open accounts*, to which the prescription invoked under the statute of 1852 is applicable. Such instalments may be considered at least as equal to *stated accounts.* 4 An. 197; *N. O., J. & G. N. R. Co.* v. *Estlin*, ante p. 184.

Judgment affirmed.