## WILLIAM J. TAYLOR v. JOHN M. BACH.

If a defendant reside alternately in different parishes, he must be cited in that in which he appears to have his principal establishment or his habitual residence. If his residence in each appear to be nearly of the same nature, in such case, he may be cited in either, at the choice of the plaintiff, unless he has declared, pursuant to the provision of the law, in which of those parishes he intended to have his domicil. This intention is proved by an express declaration of it before the judges of the parishes from which, and to which, he shall intend to remove. If this declaration is not made, this intention shall depend on circumstances,

APPEAL from the Third Judicial District Court of Jefferson, *Burthe*, J. *T. Gilmore* for defendant and appellant.

*A. G. Semmes for plaintiff.*—The defendant offered in evidence his declaration of change of domicil from the parish of Jefferson to the parish of St. Helena.

If this was a *judicial* declaration of the change of domicil, it could not avail the defendant under the evidence in this case; because the declaration must be combined with or followed by an act of residence in the parish of St. Helena. C. C. 43. Now, there is not a scintilla of proof that defendant *ever resided* in that parish. Even where the proof shows that a person resides alternately in different parishes, the declaration only governs " where the residence appears to be nearly the same. (*Judson* v. *Lathrop*, 1 An. 79); otherwise, he must be cited in that parish where he appears to have his principal establishment or his habitual residence. C. P. 166; C. C. 42.

But this is not a *judicial* declaration. On the 1st of June, 1855, defendant writes a note to the clerk of the court for the parish of St. Helena, declaring his change of domicil; p. 9. In January, 1857, he has a *certified copy* of this declaration recorded by the clerk of the court for the parish of Jefferson; p. 8.

The laws require an "express declaration to be made before *both* of the judges of the parishes *from and to which* the person intends to remove." 12 La. 195; 8 La. 315.

The defendant also offered as evidence the record in a suit in the Fifth District Court of New Orleans, and two deeds executed by himself, wherein it is stated he was domiciled in the parish of St. Helena. These being mere declarations on the part of the defendant, were overruled by the court, because, I presume, they were *res inter alios acta*, and therefore not evidence. 4 N. S. 52. I am not satisfied that the ruling of the court in this particular was correct. Admitting the court was wrong, the case should not be sent back for a new trial where the ends of justice have been attained (1 R. 192; 3 A. 163; 9 La. 350); and where the same judgment must of necessity be rendered. Giving the defendant the full benefit of these *ex parte* declarations, they could not alter or affect the judgment; for, " where a party's *declarations* in relation to his domicil are inconsistent with his *acts,* they go for nothing." 10 An. 94.

"Where evidence improperly excluded is in the record, the case will not be remanded." 1 Hen. Dig. (new ed.) p. 99 (37); 13 An. 448; 14 An. 61–64; 5 An. 647.

TAYLOR        JONES, J.  This suit turns upon a plea of domicil, made on the part of
v.
BACH.     John M. Bach, defendant. ,

The record discloses the following facts : That the defendant had his
domicil at the same time in the parishes of Jefferson and St. Helena.
*R. T. Taylor*, on behalf of defendant, says that defendant owns a good
deal of property in the parish of St. Helena, and that, for three or four
years, he has claimed his domicil in the parish of St. Helena.

But, on cross-examination, the same witness testifies that Mr. Bach
resides in the parish of Jefferson; that he is constantly backward and
forward, but most of the time in Jefferson ; that his residence during the
winter is in Jefferson, and that his family is in Jefferson.

*P. C. Lecorgne*, witness for plaintiff, states he has known Mr. Bach for
twenty years; that Bach now resides in Jefferson, and has resided there
ever since witness knew him, with the exception of some time when he
lived on Washington street, in New Orleans; that defendant, during these
twenty years, has lived more in Jefferson parish than any other, and that
Mr. Bach's family has always lived most of the time in Jefferson.

In addition to his evidence, the defendant introduced a *declaration* of
his change of domicil from the parish of Jefferson to the parish of St.
Helena ; and further sought to introduce his declarations in the record of
a suit, and two deeds executed by him, wherein it is stated that the defen-
dant was domiciliated in the parish of St. Helena ; which declarations
and evidence, upon objection being made by plaintiff, were rejected by
the court.  The evidence so rejected, as well as the other evidence, being
before us, we proceed to examine the same:

Now, regarding the evidence rejected by the court as admissible (upon
which we pass no opinion), it does not materially strengthen the defen-
dant's plea.

We are satisfied, from the proof, that John M. Bach had, at the same
time, two domicils : the one in the parish of Jefferson, and the other in
the parish of St. Helena.  The law relative to plea of domicil is clear.
Article 166 C. P. declares that, if a defendant reside alternately in differ-
ent parishes, he must be cited in that in which he appears to have his
principal establishment or his habitual residence.  If his residence in
each appear to be nearly the same nature, in such a case he may be cited
in either, at the choice of the plaintiff, unless he has declared, pursuant
to the provision of the law, in which of those parishes he intended to have
his domicil.

To the same effect is Article 42 of the C. C.  A change of domicil is
produced by the act of residing in another parish, combined with the in-
tention of making one's principal establishment there.  C. C. Art. 43.
This intention is proved by an express declaration of it before the judges of
the parishes from which and to which he shall intend to remove.  C. C.
Art. 44.  In case this declaration is not made, the proof of this intention
shall depend on circumstances.  C. C. 45.

Upon the law and the facts thus presented, we are of the opinion that
defendant, John M. Bach, had his principal establishment, at the institu-
tion of this suit, in the parish of Jefferson ; and, as he resided alternately
in the said parishes of Jefferson and St. Helena, and did not declare his

intention, as prescribed by law, to change his domicil from Jefferson to   TAYLOR
St. Helena parish, he was properly sued in the parish of Jefferson.          v.
                                                                            BACH.

Therefore, for these reasons, it is ordered, adjudged and decreed, that
the judgment below be affirmed, with costs.