## No. 7786.

### FANNY CAMPBELL vs. CHRISTIAN D. OWENS ET AL.

An executor may cause to be made, or may himself make, the sale of property he administers.

When offered the second time for sale, on twelve-months credit, the property of a succession in which minors are interested need not bring either its real or appraised value, but may be validly sold for whatever it will bring.

Where succession property at first offering fails to bring the required price, no additional order of court is required to authorize the administrator to re-advertise and sell on twelve-months time.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles, *Voist*, J.

---

Frith & Edwards for plaintiff and appellant:

First—Succession property in which minors are interested must bring the full amount of its appraisement. 29 A. ,505, 506.

Second—Property cannot be sold on twelve-months time, unless under and by virtue of a second order of court.

Third—An auctioneer who is an administrator cannot act as auctioneer of the property he administers.

A. B. Irion for defendants and appellees:

The plaintiff contends that the second offering on a credit of twelve months could not be made without a special order of the court.

The language of article 990 is almost the same as that of articles 680 and 681, providing for sheriff's sales. The *fi. fa.* orders the sheriff to sell for cash. If the property does not sell for cash, he immediately re-advertises it to be sold on a credit of twelve months. He does not return his execution and get another to authorize him to sell on a credit. It seems to be the object of the law to make the same provisions for the sale of succession property. Article 990 provides that if the appraised value is not bid at the first offering, the property shall be sold on a credit of twelve months for what it will bring. It does not say that a new petition shall be filed and a new order obtained for the second sale. The whole complaint is based upon the absence of a second order, which the law does not provide for. The judgment of the lower court was in favor of defendant, and it is respectfully asked that this judgment be affirmed.

The opinion of the court was delivered by

DeBlanc, J. Fanny Campbell was the fourth wife and is the surviving widow of Dr. William H. Winn, who died shortly after the 1st of November 1877, leaving two minor children born of his last marriage.

His widow declined to qualify in the executing of his will, and—with her consent—J. J. Gondeau was appointed to execute it. He—as such—obtained an order to sell, and sold—for. $386.26—the personal effects belonging to the community which had existed between the deceased and two of his wives.

After that sale, he filed a tableau, in which he carried and classified the claims which he considered as due by the succession of Winn and the last community. In that tableau, which was partially amended and homologated on the 12th of April 1879, the surviving widow is classed—in accordance with the homestead act—as a privileged creditor for the sum of one thousand dollars.

Pressed, as it is admitted he was, by Mrs. Winn and the other creditors, the executor procured—on the 10th of January 1879—an order to sell the real estate, partly for cash and partly on terms. He, accordingly, advertised the intended sale, and—on the day fixed in the published notice—proceeded to offer the property at auction. Its appraised value not having been bid, he re-advertised it for sale on a credit of twelve months, and—at the second offering—adjudicated it to Mrs. Alice W. Owens for two hundred dollars.

Less than two months after that adjudication, Fanny Campbell—acting in her own name and as tutrix of her children—brought this suit to annul it, on the grounds : '

1. That, as Gondeau was a regular auctioneer, he could not have

been, as he was, authorized—as executor—to advertise and sell the property referred to.

That distinction is not sustained by either the spirit or letter of the law, which provides that representatives of successions—without ex-ception—shall have the right to cause to be made. or to make them-selves the sale of the property which they administer.

Rev. St. sect. 1467.

2. That, unless the purchase price of the property belonging to a succession, cr in which minors are interested, be equal to its actual value, its sale for less than the amount of its appraisement, is void.

This is true, but only so far as it relates to the first offering; for we ourselves said that the property may be re-advertised for sale, and—at the second offering—sold at twelve-months credit, and—then—for what it will bring.

29 A. 505.

In "Fraser vs. Zylicz," we held that property which *had passed* to, and *fully vested* in minors, could not—legally—be sold for less than its appraisement. The Code so expressly provides—art 342. Here, how-ever, the property twice offered for sale, and sold—at the second offer-ing—on credit and under its appraisement, belonged to an insolvent succession, which—at that very moment—was opened and under ad-ministration.

29 A. 536.

"When"—as said by this court—"an administrator has been ap-pointed to a succession, the widow in community, and the tutrix of the minors, who are necessarily beneficiary heirs, have no right to interfere, and have nothing to claim until the debts of the estate are paid, and its administration legally terminated. The sale of the property of such an estate, for the payment of debts, is not subject to the rules and formalities prescribed for the alienation of minors' property as such, the beneficiary heir having but a residuary interest in the estate, which can be ascertained only by a full administration."

10 R. 509.

The Code of Practice provides, in terms which admit but of one construction, that—at the second offering—the property of vacant es-tates, of all successions accepted with the benefit of inventory, whether the heirs are minors or of age, and of all successions under administra-tion, must be sold on credit and for what it will bring.

C. P. 990, 992.

In an amendment to her original petition, plaintiff avers that—after the first offering—the property was re-advertised for sale, and sold by the executor, without an additional order from the court, and that this was irregular. The article of the Code does not require that a new

application be made to obtain a second order, and that a second commission issue to the auctioneer, to authorize him to re-advertise for sale, and to sell on a credit of twelve months.

We believe, as defendant's counsel, that—in such a case—the commission addressed to the auctioneer may properly be assimilated to a writ of *fieri facias* directed to a sheriff, and that it would be a vain thing to return either after the first offering, inasmuch as any subsequent commission could but rehearse the imperative command of the law itself, and it is that, *then*, the property be re-advertised for sale and sold for what it will bring, within a delay and on conditions which it fixes and specifies, and which—unless with the consent of every interested party—could not be changed or altered by the judge.

C. P. 990.

The charge of fraud which—in the brief and nowhere else—is made against the executor, is—not only not justified by a vestige of evidence—but repelled by every proceeding which followed his appointment. They were openly conducted, and—we think—more in the interest of the widow and children of the last marriage, than that of the creditors and of the other heirs.

If, as averred in the uncontradicted affidavit of their counsel, the property adjudicated to defendant was worth more than one thousand dollars, she could have purchased it in satisfaction of her own and her children's rights, but—it seems—forgot that "the law favors the vigilant."

It is, therefore, ordered, adjudged and decreed that the judgment appealed from is affirmed with costs.