## No. 9919.

### MECHANICS AND TRADERS' INSURANCE COMPANY VS. LOUIS LOZANO.

The pledgee of a note, secured by mortgage, has the right to *take measures,* that is : to sue for payment in his own name, or for the use of the pledgor, to satisfy the debt to secure which the pledge was made, subject to the obligation of accounting to his debtor.

The appeal taken by a defendant from a decree of executory process, which allows as attorneys' fees a larger percentage than that agreed to in the act of mortgage, is not frivolous and damages cannot be allowed.

Executory process can issue on the pledged note, although the plaintiff annexes unauthentic evidence of the debt due him and secured by the pledge.

On an application for a rehearing the court can, without granting the prayer and hear the case anew, make verbal corrections which do not change materially the effect of the decree previously rendered.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot,* J.

*Jonas & Nixon* for Plaintiff and Appellee.

*David N. Barrow* for Defendant and Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from an order of seizure and sale.

He charges that the claim of plaintiffs is not established by authentic evidence and that the decree allows ten per cent as attorney's fees, one-half more than could be allowed.

The plaintiffs claim damages for a frivolous appeal.

The plaintiffs have submitted to the lower court, in support of their prayer for executory process, a matured note of defendant in the stereotyped form to his own order and by him endorsed, and a duly certi-

fied copy of an act, whereby the defendant secured the payment by mortgage on the property described in the act, and agreed to pay attorneys' fees fixed at *five* per cent on the amount due, in case of suit to enforce payment.

This showing was amply sufficient to justify the *fiat* of the district court.

The contention is, however, that the plaintiffs sue on *six* notes of defendant, to the order of and endorsed by another party, which stipulate attorneys' fees at *ten* per cent, and that there is no authentic evidence that these notes were drawn by the defendant, that they were endorsed by the party to whom made payable and that they are secured by mortgage on the property described in the petition.

The plaintiffs claim that the three thousand dollar note, already mentioned and which is secured by mortgage, was pledged to them by a debtor of theirs.

They do not sue as owners of that note, but simply as pledgees thereof. By so doing they have exercised a recognized right.

It was unnecessary for them to have made any averment as to the pledge, or as to their title to the note of $3000. They had authority to sue directly as the pledgor himself might have done, or they might have sued in their own names for his use as is frequently done.

The Code is explicit on this subject. It provides that if the credit which has been given in pledge, becomes due before it is redeemed by the person pawning it, the creditor shall be justified in receiving the amount and *in taking measures* to recover it, subject to the obligation of accounting to the pledgor. R. C. C. 3170, (3137).

In several instances the right of the creditor to sue has been expressly admitted. Bank of Lafayette vs. Bruff, 33 Ann. 626; Blouin vs. Liquidators, 30 Ann. 714; Ducane vs. McKenna, 28 Ann. 419; Succession of Dolhonde, 21 Ann. 3; also 7 Ann. 225; 8 N. S. 370.

Taken as a whole their petition may be considered as drawn in the latter form.

The allegations touching the debt due plaintiffs by defendant and evidenced by the six notes which are not authentic and the annexing of those notes to the petition, were surplusage and cannot affect the rights of the plaintiffs.

They do not propose to ask that the property be sold to pay the $3000, but only to pay them $2451 and interest which is due them as holders of the six notes; any surplus to remain to the credit of their debtor.

The district judge, however, erred in allowing ten per cent for attorney's fees when the act of mortgage only allows *five*.

The defendant to that extent had a right to complain, and his appeal cannot be treated as frivolous.

It is therefore ordered and adjudged that the decree appealed from be amended, so as to reduce the percentage allowed for attorney's fees from *ten* to *five* per cent on the amount sued for, and that thus amended said decree be affirmed, appellees to pay costs of appeal.

## On Application for Rehearing.

Appellees and appellant pray for a rehearing.

The appellees call the attention of the court to the fact that the district judge did not allow *ten* per cent as attorney's fees on the amount, sued for, but *five* only, under the stipulation in the act of mortgage.

In this they are well founded. Justice to the district judge demands that the correction be made. The *ten* per cent mentioned in the prayer of the petition and which we had taken to be the allowance for services for recovering the amount sued for, are those provided for in the authentic notes.

The correction is in the verbiage only, as the allowance of *five* per cent for attorney's fees, which the plaintiffs claim and which was allowed them, was sanctioned by this Court on the decree and the practical result in the recovery is the same.

The appellant has urged no defense which he had not previously submitted. His application is a mere rehearsal of the past and has already received attention and been pronounced without merit.

We do not think, however, that the case is one in which damages for a frivolous appeal can be granted.

The correction asked may be made without granting a rehearing, by simply eliminating from the opinion and the decree what was therein said touching the allowance of the percentage as attorney's fees by the district judge.

Rehearing refused.