(36 South. 491.)

No. 15,073.

IBERIA CYPRESS CO., Limited, v. CHRISTEN et al.*

(March 28, 1904.)

MORTGAGE—VALIDITY—PAYMENT IN CHATTELS —EVIDENCE—APPEAL—EXECUTORY PROCESS.

1. The mortgage debt is not rendered uncertain, or insusceptible of enforcement by executory process by the fact that in the mortgage act the faculty is reserved to the debtor to pay the debt by the delivery of timber before the maturity of the debt.

2. The following indorsement on a note, "Interest paid up to 1st of January, 1903," will, in the absence of contrary proof, be taken to be evidence of a payment.

3. Where, on appeal, it is found that executory process has issued for too large an amount, all proceedings had from and after the granting of the order of seizure and sale will be set aside, and the plaintiff taxed with the costs thereof; but the order itself will be only reduced, not set aside.

(Syllabus by the Court.)

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Paul Lêche, Judge.

Action by the Iberia Cypress Company, Limited, against John Christen and others. Judgment for plaintiff, and defendants appeal. Affirmed. Modified.

Guion & Guion, for appellants. Howell & Martin, for appellee.

PROVOSTY, J. This is an appeal from an order of seizure and sale. Plaintiff and defendants entered into a notarial contract by which plaintiff agreed to advance, and · did actually advance, in cash, to defendants, the money now sued for, namely, $15,000, to enable defendants to deliver to plaintiff certain timber, at a price fixed in the contract, to be paid for, part cash, and part by credit on the

*Rehearing denied April 25, 1904.

debt for the money advanced. For this debt defendants made their promissory note, identified with the act of mortgage by the notary's paraph.

The first contention of defendants is that the note was not given for advances actually made, but for advances thereafter to be made, and that nothing shows what advances were thus thereafter made. This contention is in direct and flat contradiction with the act of mortgage, which recites that the note is made "in representation of the amount this day advanced by the party of the second part to the parties of the first part, that is to say, $15,000."

The second contention is that the note does not represent an absolute debt, because, according to the agreement, a part of the price of the timber was to go towards the payment of it, and there is nothing to show what quantity of timber was delivered. There might, perhaps, have been some foundation for such a contention, if the note had been made payable on demand, or if it had been given a maturity too short to afford time for the delivery of the timber, whereof part of the price was to go in part payment, there might then possibly have been gathered from the notarial act, as a whole, an intention or agreement that the debtor should be allowed a reasonable time for delivering the timber, and this might have brought an element of uncertainty into the note; but the facts are, in the first place, that the note was given a maturity of one year, with optional extension of another year, which extension had expired when the suit was instituted; and, in the second place, that the express stipulation of the notarial act was that the timber should be delivered before the maturity of the note.

The next and last contention is well founded. Plaintiff sued out the writ without taking into consideration the following indorsement on the note: "Interest paid to Jan. 1st, 1903." The presumption is that the note has

been in the possession of the plaintiff all along, and that plaintiff made this indorsement, and that it evidences a credit. Pothier, Obligations, No. 726; Mims v. Morisson, 5 La. Ann. 650; Norcross v. Theurer, 3 Rob. 375. This excess, however, does not necessitate the setting aside of the order of seizure and sale, but only an amendment of it. Taylor v. Bach, 17 La. Ann. 61; Mechanics' & Traders' Insurance Company v. Lozano, 39 La. Ann. 321, 1 South. 608. We shall shape our decree accordingly. We shall also make provision in our decree for allowing the plaintiff to rebut this presumption by contrary proof, if plaintiff can and wishes ·so to do.

It is therefore* ordered, adjudged, and decreed that the order for a writ of seizure and sale herein be amended so as to exclude therefrom all interest accrued prior to the 1st of January, 1903, and that the same be and is in all other respects affirmed; plaintiff to pay the costs of this appeal, and all costs incurred from and after the granting of the order for the writ herein. And it is further ordered, adjudged, and decreed that the right is reserved to plaintiff to rebut by proper proof and in a proper proceeding the presumption of payment arising from the indorsement on the note sued on, and that, to that end, plaintiff may either discontinue the present suit, or convert same into a suit via ordinaria.