LAND, J.
The defendant receiver has appealed from an order of seizure and sale sued out by the plaintiff as the holder of a certain note for $25,000, signed “Powell Bros. & Sanders Co., Ltd., by W. II. Powell, Pres’t,” secured by notarial act of mortgage executed in the name of the corporation, by “W. II. Powell, Pres’t.”
The act of mortgage recites that William II. Powell appears in his official capacity and under special authorization of the board of directors of the corporation, “as per authority hereto attached.” We find in the transcript a paper purporting to be a copy of a resolution adopted by the said board of directors signed by “W. II. Powell, Pres’t,” and “W. J. Powell, Secretary,” on April 10, 1005, authorizing W. II. Powell, president, to borrow of the Crescent Lumber Company the sum of $30,000 and to secure the loan by mortgage of certain timber and real estate as described in the act of mortgage to the Crescent Lumber Company of date April 20, 1905. This copy is certified as follows, to wit:
“I hereby certify that the above is a true and correct copy.
“[Signed] W. J. Powell, Secretary.”
The contentions of the appellant are, first, that the purported copy is not identified with the notarial act of mortgage; and, second, that said copy is not authentic evidence of the action and proceedings of the board of directors in the premises.
It is to be noted that the certificate is not dated, and is not identified with the act of mortgage by the notary’s paraph or by descriptive words. The vague terms used by the notary might well cover any document purporting to authorize the president of the corporation to borrow money and execute a mortgage. But we think that the real question before the court is whether the purported copy, presented to the judge below, furnished authentic evidence of the alleged resolution of the board of directors.
Authentic evidence is essential to support an order of seizure and sale, without a previous citation of the debtor. Where a notarial act of mortgage is executed by an agent, authentic proof of the agent’s authority must be made to obtain executory process. In Crescent City Bank v. Blanque, 32 La. Ann. 265, the court, speaking through Mr. Justice White, said:
“That such evidence was necessary is no longer an open question. [Nichol v. De Ende] 3 Mart. (N. S.) 315; [Rowlett v. Shepherd] 7 Mart. (N. S.) 515; [Dosson v. Sanders] 12 Rob. 238; [Chambliss v. Atchison] 2 La. Ann. 491.”
The authentic act, as relates to contracts, is that which has been executed before a notary public, or other officer authorized to execute such functions, in presence of two competent witnesses, or of three witnesses, if the party be blind. Civ. Code, art. 2234.
Where authentic evidence is impossible from the nature of the case, other competent evidence has been held admissible for the purpose of proving the appointment of curators and syndics, and other collateral facts. Code Prac. art. 732, Garland’s Notes, F.
*25 But, as already stated, our laws require a power of attorney to execute a mortgage to be in authentic form.
Tlie ordinary rules of evidence have no application to executory process, as such a proceeding is unknown to the common law. That certain kinds of evidence are admissible in ordinary cases to prove the acts and proceedings of corporations does make such evidence authentic, if it be not of that kind.
It has been held in other jurisdictions that copies of the acts and proceedings of private corporations, verified, by the oath of the proper officer, are. admissible in evidence. 17 Cyc. 404, notes. Yet no one will contend that an ex parte affidavit is equivalent to authentic proof. It is a general rule of evidence that the acts and proceedings of a corporation, authenticated under the corporate seal and certified by the secretary of the company, are admissible, and make prima facie proof of the facts recited. 17 Cyc. 403, 404, note 48.
This doctrine was also affirmed in the case of Jackson R. R. Co. v. Lea, 12 La. Ann. 389. Yet such a certificate, in the absence of statute, is not authentic evidence.
In Snow v. Trotter, 3 La. Ann. 268, the mortgage was granted to secure notes for the purchase price, and in the act of mortgage the defendants recognized the agent’s capacity, and the mandate under which he acted was specially recited. Rouyer v. Carroll, 47 La. Ann. 708, 17 South. 292, was not a suit by executory process, and the power of attorney had been acknowledged before a United States consul. In a similar suit, Succession of Lehmann, 41 La. Ann. 092, 7 South. 33, the power of attorney was authenticated in judicial proceedings. The question in this case is whether an unverified copy of a purported procuration makes full proof against the mortgagor.
It appears, however, that in cases of railroad companies the Revised Statutes of Louisiana provide that copies of books, records, etc., certified by the secretary, under the seal of the company, shall be received in evidence. Section 604. An act or copy which proves itself may be considered as authentic. But there is no similar statutory provision as to the books, records, etc., of other private corporations. Such a statutory provision, however, would not cover the case of a copy certified by the secretary, without the seal of the company.
The argument that the copy in question was authenticated by being attached to the notarial act of mortgage confuses the identification of the instrument with its authentication, and, moreover, rests on the false premise that an agent by his own declarations before the notary can authenticate a paper purporting to be a copy of a power of attorney certified by another person.
It is impossible to evade the conclusion that the record contains no authentic proof of the alleged agency of the president of the company in the matter of the execution of the mortgage in question.
It is therefore ordered that the order of seizure and sale below be annulled, avoided, and reversed, and it is now ordered that the executory proceedings sued out in this case be dismissed, at the cost of the plaintiff in both courts.