(71 South. 147)

Nos. 20829, 21467.

COLONIAL TRUST CO. v. ST. JOHN LUMBER CO.

(Feb. 7, 1916. Rehearing Denied March 6, 1916.)

*(Syllabus by the Court.)*

CORPORATIONS ⬤⟹482(5)—MORTGAGES—FORECLOSURE—DECLARATION OF MATURITY BY TRUSTEE—PROOF BY RECITALS OF WRITTEN INSTRUMENT.

Where the trustee sued out executory process to enforce, by a cash sale, a mortgage and pledge to secure the payment of serial bonds due and to become due, and the petition alleged that all the bonds had become due by virtue of a declaration made to that effect by the trustee, pursuant to a stipulation in the authentic act of mortgage, *held*, that such declaration was sufficiently proven by the recitals of a written instrument, issued under the corporate seal and signed by the vice president and secretary of the plaintiff corporation, and attached to the petition of the trustee for executory process, authentic evidence of the declaration being impossible from the nature of the case.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1870; Dec. Dig. ⬤⟹482(5).]

Appeals from Eighth Judicial District Court, Parish of Franklin; R. J. Wilson, Judge.

Action by the Colonial Trust Company, trustee, against the St. John Lumber Company. From an order of seizure and sale, defendant and certain alleged stockholders and unsecured creditors appeal. Affirmed.

Smith & McGregor, of Rayville, and J. Zach Spearing, of New Orleans, for defendant, appellant. Farrar, Jonas, Goldsborough & Goldberg, of New Orleans, for appellee.

LAND, J. The two appeals are from the same order of seizure and sale. The first was taken by the defendant, and the other by alleged stockholders and unsecured creditors.

In May, 1909, the defendant company by notarial act mortgaged and pledged all of its property to the plaintiff company, as trustee, to secure the issue of 350 (6 per cent.) coupon bonds of $1,000 each, divided as to maturity into 12 series, due at various dates from May 1, 1912, to May 1, 1923.

The 27 bonds due May 1, 1912, were paid. Of the 27 bonds due May 1, 1913, only 9 were paid.

On April 17, 1914, the trustee notified the defendant that at the request of more than 25 per cent. of the bonds outstanding it had declared the whole of the principal on said bonds due.

On April 29, 1914, the plaintiff sued out the present executory proceedings. To the petition of the trustee was annexed a certified copy of the original act of mortgage, and 289 of the unpaid bonds, with interest

coupons thereto attached. To the petition was also attached the notice of April 17, 1914, above mentioned, under the corporate seal, and signed by the vice president and secretary of the plaintiff company. The petition was also verified by the oath of C. F. Babcock, who swore that he was the duly authorized agent of the plaintiff company.

The contract of mortgage and pledge was made between the president of the defendant company, duly authorized, and the vice president of the plaintiff company called the "trustee."

Each bond was made payable unto the bearer, or if registered, to the registered holder thereof, at the office of the plaintiff company.

It was stipulated that, in case of any default in the payment of interest or principal on the bonds:

"Then and in every such case the trustee may, and if so requested by the holders of twenty-five (25%) per cent., in amount of the bonds then outstanding, shall declare the principal of the bonds hereby secured, and then outstanding, due and payable forthwith; and upon any such declaration the same shall become due and payable forthwith, anything in this act of mortgage and pledge, or in said bonds to the contrary notwithstanding."

It was further stipulated that in case of such declared default, the defendant company should, on the demand of the trustee, forthwith surrender unto him all and singular the property mortgaged or intended to be mortgaged, with the right to enter thereon and to take exclusive possession thereof, with or without process of law, and with the power to manage and administer the same in the interest of the bondholders.

It was further provided that the principal of the bonds having become due, or having been made due as above stated, the trustee in its discretion might take possession of, and should if so required in writing by the holders of 25 per cent. of the bonds then outstanding and unpaid, proceed through court to have the property sold at public auc-

tion in one lot to the highest bidder in the city of Winnsboro, La., after such notice and upon such terms as the law provides; or the trustee might proceed to protect and enforce its rights and the rights of the bondholders by suit or foreclosure "as the trustee being advised by counsel in law shall deem most effectual to protect and enforce the rights aforesaid"; and the section concludes as follows:

"And it shall be legal for the trustee, and the lumber company does hereby authorize the trustee, or in the event of its refusal to act, the holder or holders of any of the bonds hereinbefore described, or any of them, to cause all and singular the hereinbefore described mortgaged and pledged property to be seized and sold under executory process issued by any competent court, without appraisement to the highest bidder for cash."

Defendants' counsel in their brief contend that there is no *authentic* evidence in the record that the holders of 25 per cent. in amount of the bonds then outstanding requested the trustee to declare the principal of the unmatured bonds to be due and payable. The answer is that the act in express terms *authorizes* the trustee to make such a declaration at its discretion, and *requires* the trustee to declare such bonds due and payable if so requested by the holders of 25 per cent. in amount of the outstanding bonds.

Defendant's counsel further contend that there is no authentic evidence that the trustee was required in writing by the holders of 25 per cent. in amount of the bonds then outstanding and unpaid to proceed through the court.

The answer is that under the express terms of the act of mortgage, the trustee was also authorized to proceed by suit or foreclosure, as advised by counsel; and the lumber company itself specially authorized the trustee or the holders of any of the bonds to cause the mortgaged and pledged property to be seized and sold under executory process.

It is next objected that the letter or no-

tice of April 17, 1914, addressed to the defendant company, does not furnish *authentic* evidence of the facts therein recited. The letter, or notice itself, *declared* all the then outstanding bonds to be due and payable, and *demanded* possession of the mortgaged and pledged property pursuant to the terms of the contract. The trust deed does not prescribe any form or mode of *declaration*, or for notice of the same to the defendant company. Hence the declaration in question might have been made by words or by writings of any kind. An authentic act, as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions, in presence of two competent witnesses, and of three, if a party be blind. C. C. art. 2234. Such an act must be passed in the presence of the parties, and by them signed in the presence of the witnesses and the notary. Executory process is based on acts of this kind which import a confession of judgment in matters of privilege and mortgage. C. P. art. 733.

Now, how could the *declaration* in question, unilateral in its nature, have been made to appear by an authentic act as defined in our Codes? The notice given to the defendant was under the corporate seal and was signed by the vice president and secretary of the corporation. A corporate act so verified makes prima facie proof of the facts recited, but is not an authentic act. See Interstate Trust & Bank Co. v. Powell Bros. & Sanders Co., 126 La. 25, 52 South. 179. An acknowledgment of the notice before a notary and two witnesses would not have converted the notice into an authentic act. Baker v. Baker, 125 La. 974, 52 South. 115. As the deed of trust required no particular form or proof of the declaration in question, and as authentic evidence of the action of the corporation in the premises was impossible from the nature of the case, we are of opinion that the notice as given under the seal of the corporation was sufficient. C. P. art. 732; Garland, note F.

The bonds sued on were payable at the office of the trustee, and therefore it was not necessary to demand payment of lumber company, or to give it notice of its own default.

We may add that as a portion of the bonds were past due, the writ was not prematurely issued, even from defendant's standpoint. See Penouilh v. Abraham, 44 La. Ann. 188, 10 South. 676.

Judgment affirmed, at costs of appellants.