(79 South. 223)

No. 22951.

ST. JOHN LUMBER CO. v. FEDERAL NAT. BANK et al.

(April 1, 1918. On the Merits, June 29, 1918.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ⬤⟳663(2) — CERTIFICATE OF TRANSCRIPT — CONCLUSIVENESS OF EVIDENCE—DISMISSAL.

An appeal should not be dismissed on the mere allegation of the appellee that certain documents not in the transcript were introduced in evidence, if the clerk's certificate shows that the transcript is complete and there is no showing to the contrary.

2. APPEAL AND ERROR ⬤⟳662(1)—TRANSCRIPT OF APPEAL IN ANOTHER CASE—CONSIDERATION.

The Supreme Court will not order that the transcript of appeal in one case be used or considered in another, on the allegation of one of the parties that the transcript desired to be so used or considered contains documents that were offered in evidence in the other case, if the allegation is contradicted and is not supported by the record of the proceedings had in the lower court.

On the Merits.

*(Additional Syllabus by Editorial Staff.)*

3. MORTGAGES ⬤⟳578—EXECUTORY PROCESS—APPEAL—ISSUES.

The only questions triable on an appeal from an order of executory process are those involving the regularity of the proceedings on their face.

4. JUDGMENT ⬤⟳649—RES JUDICATA—APPEAL FROM ORDER OF EXECUTORY PROCESS—SUIT TO ANNUL MORTGAGE AND EXECUTORY PROCEEDINGS.

Judgment on an appeal from an order of executory process, disposed of on the face of the proceedings, is not res judicata in a suit to annul the mortgage and the executory process proceedings, depending upon evidence dehors the proceedings considered on such appeal.

5. MORTGAGES ⬤⟳499—EXECUTORY PROCESS—DIRECT ATTACK.

A suit to annul a mortgage and to annul the executory process proceedings and sheriff's sale is a direct attack on the sale.

6. MORTGAGES ⬤⟳499 — SALE ON EXECUTORY PROCESS—ANNULMENT—PARTIES.

A suit to annul a mortgage and the executory process proceedings and sheriff's sale cannot be maintained, in the absence of the parties to the sale, including the seizing creditor.

Appeal from Eighth Judicial District Court, Parish of Franklin; S. R. Holstein, Judge.

Suit by the St. John Lumber Company against the Federal National Bank, W. A. Brown, receiver, and others. Judgment for defendants, dismissing the suit, and plaintiff appeals. Motion to dismiss appeal overruled, and exception of no cause of action sustained, and the suit dismissed.

George Wesley Smith, of Rayville, for appellant. Stubbs, Theus, Grisham & Thompson, of Monroe, for appellees.

O'NIELL, J. This is an action to annul a sheriff's sale and to recover the property acquired by the Federal National Bank from the adjudicatees at the sale. The suit was dismissed on a plea of res judicata and exceptions of no cause of action and of nonjoinder of an alleged necessary party. The plaintiff prosecutes the appeal.

[1, 2] The defendants move to dismiss the appeal, because the transcript does not contain a copy of the record in the executory proceedings in which the sale was made, entitled Colonial Trust Co., Trustee, v. St. John Lumber Co., 138 La. 1033, 71 South. 147, No. 20,829, and No. 21,467 of the docket of this court, which proceedings, particularly the decree rendered therein, are the basis of the pleas on which the present suit was dismissed. The defendants, appellees, pray, in the alternative, that is, if the appeal should not be dismissed, that the transcripts of appeal in the executory proceedings be considered as a part of the transcript in the present appeal.

In opposition to the appellees' motion, the attorney for appellant has filed an affidavit to the effect that the executory proceedings, entitled Colonial Trust Company, Trustee, v. St. John Lumber Company, were not annexed to the defendants' pleas or exceptions in the district court, nor offered in evidence

on the trial of the pleas or exceptions. Appellant contends, therefore, that the transcript of appeal in this case is complete, and that there is no reason for considering the transcripts of appeal in the executory proceedings as a part of the transcript in this case.

The motion to dismiss the appeal was filed after the expiration of the three days allowed for the filing of such motions, after the filing of the transcript of appeal. As far as the record discloses, however, the transcript is complete. It was alleged in the plea of res judicata that the entire record in the executory proceedings, including the decree rendered therein by the Supreme Court, was made part of the plea. But the record does not show that the executory proceedings were annexed to the plea; nor does the record show whether the executory proceedings were offered in evidence on the trial of the pleas or exceptions on which this suit was dismissed. If any of the proceedings had in this suit have been omitted from the transcript of appeal, and the appellees can show that the transcripts of appeal in the executory proceedings should be used and considered in the present appeal, the relief can be had under section 11 of rule 1 of the rules of this court (67 South, viii, 136 La. viii).

The motion to dismiss the appeal is overruled, reserving to the appellees the right to make application, under the rules of this court and on proper showing, for leave to have the transcripts of appeal in the cases No. 20,829 and No. 21,467, entitled Colonial Trust Co., Trustee, v. St. John Lumber Co., used and considered as a part of the transcript in the present appeal.

### On the Merits.

PROVOSTY, J. Plaintiff's property having been sold in the course of executory process proceedings in foreclosure of a mortgage securing the payment of bonds, this suit is brought to annul the mortgage on the ground of fraud, and to annul the executory process proceedings and the sale on sundry grounds: That the debt had been fraudulently made to appear to be past due by including among the bonds sued on certain bonds which had been paid; that the sale was not preceded by appraisement and advertisement, and included property not embraced in the mortgage; and that the proceedings and the sale were but the culmination and consummation of a fraudulent scheme to despoil the plaintiff.

[3, 4] Defendant pleaded as res judicata of the issues thus raised a judgment rendered on an appeal taken from the order of executory process. Colonial Trust Co. v. St. John Lumber Co., 138 La. 1033, 71 South. 147. This judgment could, of course, be res judicata only of those issues which plaintiff here, defendant and appellant there, could have raised on said appeal; and, as is well settled, the only questions triable on such an appeal are those involving the regularity of the proceedings on their face. Such an appeal is disposed of on the face of the proceedings; not on any evidence dehors their face. The said grounds of nullity alleged by plaintiff in this case depend upon evidence dehors the proceedings considered on said appeal, and some of them relate to matters occurring subsequently to said appeal. Therefore they could not possibly have been considered on said appeal; and, as a consequence, the judgment on said appeal cannot possibly be res judicata of them.

[5] Another exception to plaintiff's petition is on the ground that it attacks the said sheriff's sale collaterally. We cannot see anything collateral in the attack. It is as direct as direct could be.

[6] Next is an exception of no cause of action, based on the fact that the seizing creditor in the executory process has not been made a party to the suit. Defendant replies that this objection should have been urged by

means of an exception of want of proper parties, and that, not having been so pleaded, it cannot be considered. We do not agree with this. We do not see how a sale can be annulled in the absence of the parties to it; and the seizing creditor is one of the parties to a judicial sale. Hyde v. Craddick, 10 Rob. 393; Suc'n of Ricard, 27 La. Ann. 365; Willis v. Wasey, 42 La. Ann. 876, 8 South. 591, 879; Blum v. Wyly, 111 La. 1092, 36 South. 202; Vinton Oil Co. v. Gray, 135 La. 1049, 66 South. 357.

For the purpose of recasting, the judgment appealed from is set aside, and it is now ordered, adjudged, and decreed that the exceptions of res judicata and of the suit being a collateral attack are overruled; and that the exception of no cause of action, in so far as based on want of proper parties, be and the same is hereby sustained; and that the suit be, and it is hereby, dismissed at the cost of plaintiff. Defendant to pay the costs of appeal.