PAUL v. TABONY

---

(July 19, 1926. Opinion and Decree.)
(Aug. 16, 1926. Rehearing Refused.)
(Oct. 5, 1926. Writs of Certiorari and Review Denied by Supreme Court.)

---

*(Syllabus by the Court.)*

**1. Louisiana Digest—Judgment—Par. 13.**

A judgment rendered December 1, 1921, ordering defendant to pay plaintiff $10.00 per month from September 27, 1920, until possession of certain property be delivered to plaintiff, is sufficiently certain to be executory, to the extent of compelling defendant to pay $10.00 per month from September 27, 1920, to the date of the judgment; but any further sum must be fixed by judgment.

Appeal from Civil District Court, Division "D". Hon. Porter Parker, Judge.

Action by Frank Paul against Arthur Tabony.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

D. V. Doussan, of New Orleans, attorney for plaintiff, appellee.

Paul W. Maloney and W. O. Hart, of New Orleans, attorneys for defendant, appellant.

## OPINION.

CLAIBORNE, J. The facts in this case are stated in detail in our opinion delivered upon application for mandamus February 2, 1925, under the number 9932 of the docket.

The case is now before us on appeal from a judgment dissolving an injunction sued out by defendant against the execution of a judgment rendered December 1, 1921, ordering defendant to deliver possession of certain real estate and condemning defendant to pay to plaintiff the sum of $10.00 per month from September 27, 1920, to such time as he will have delivered to plaintiff the possession of said property.

The contention of defendant's counsel is that the judgment, the execution of which was enjoined, is uncertain and cannot be executed until the court by proper proceedings has determined the exact amount due thereunder. Insofar as the judgment awards possession of the property to plaintiff it is not resisted. There is a difference of opinion between counsel as to when possession was delivered to plaintiff by defendant, and it is insisted that this issue should be judicially determined before execution can issue on the judgment. But there is no dispute, and there can be no question but that at the time the judgment was rendered, there was due under said judgment the sum of $10.00 per month from September 27, 1920, to December 1,

1921, the day on which the judgment was rendered and the judgment was certainly executory to that extent, say for 14 months or $140.

But the attorney for the plaintiff, Frank Paul, stated in argument that he claimed under the writ, rent from September 27, 1920, to the date of the issuance of the writ, October 8, 1924, or for 48 months at $10.00 per month, say $480.00. The defendant alleged in his petition for an injunction that he had "repeatedly offered the possession to the plaintiff who declined it".

We are of the opinion that the defendant owes $140 rent as a thing adjudged. But we are also of the opinion in the face of his sworn denial that he, defendant, is entitled to a hearing on the question of his occupancy of the property after the date of the judgment, December 1, 1921. The plaintiff objected to his being heard on that question and the court maintained him and dissolved the injunction on the face of the papers without hearing evidence. We think there was error in this ruling.

But prior to the issuance of his injunction the plaintiff should have tendered $140 and the costs up to the date of the judgment; the injunction could issue only for an amount in excess of that sum. 1 H. D. 665, No. 2; Iberia Cypress Co. vs. Christen, 112 La. 451, 36 South. 491.

Under the circumstances, considering that the amount enjoined was only $480, and that the injunction was dissolved upon the face of the papers and that the defendant was partly successful, we think a sum of $50 for attorney's fees is sufficient.

It is therefore ordered that the judgment herein rendered on October 17, 1924, be amended so as to maintain the injunction against the writ of *fieri facias* insofar as any amount in excess of one hundred and forty dollars and costs up to December 1, 1921, is concerned, and that this case be remanded for trial of the question whether the defendant owes any further sum and to fix the amount thereof.

It is further ordered that the attorney's fees be reduced from one hundred dollars to fifty dollars, and as thus amended that the judgment be affirmed; the costs of appeal to be paid by plaintiff and appellee and the costs of the District Court by defendant and appellant.