## FEDERAL LAND BANK v. HALL.

No. 5308.

Court of Appeal of Louisiana. Second Circuit.

Dec. 11, 1936.

H. W. Ayres, of Jonesboro, for appellant.

Harold Moses and Marion J. Epley, Jr., both of New Orleans, La., for appellee.

HAMITER, Judge.

Under date of August 25, 1919, the defendant executed in plaintiff's favor an installment note in the principal amount of $300. This note was secured by a mortgage of that date signed by defendant, containing a confession of judgment, and covering and affecting 120 acres of land in Jackson parish.

As prayed for in plaintiff's petition for the foreclosure of the mortgage, an order of executory process was granted on April 20, 1936, and the usual notice of demand for payment was issued. Thereupon defendant, through his counsel, filed a motion in which he challenged the validity of the order on several grounds, and prayed for a new trial or rehearing and that the order of executory process be annulled and set aside.

On the overruling of defendant's motion, he was granted orders of suspensive and devolutive appeals to this court.

■ We first address ourselves to the complaint made by plaintiff's counsel that "the so-called motion filed by the defendant in this case has no precedence in law and the judgment overruling same should be affirmed, as the defendant has his remedy either by appeal or injunction." It is unnecessary for us to pass upon the legality of the procedure employed, for we are satisfied that the cause is properly before us on a suspensive appeal from the order of executory process. That order was signed April 20, 1936. According to the court minutes of April 29, 1936, counsel for both parties entered into an agreement, with reference to the court's consideration of the matter, a part of which was: "It is further agreed that in the event that the court should overrule said motion, that the court may likewise enter orders of appeal from the orders of executory process or orders of seizure and sale at Ruston. * * *"

Those minutes also show that on the same date, viz., April 29, 1936, the motion for rehearing or new trial was overruled, and that orders of suspensive and devolutive appeals to this court were granted on behalf of defendant. The suspensive appeal bond, which is in the record, was dated and filed April 30, 1936, and recited that the appeal was taken from the order of executory process and seizure and sale. Considering the minutes of court, and particularly that portion which relates to counsel's agreement, and the bond referred to, it can only be concluded that the appeal was taken from the granting of the order of executory process. The time within which the suspensive appeal must be taken from such an order is regulated by Code of Practice, art. 575. Borah & Landen v. O'Niell, 121 La. 733, 46 So. 788; Barrow v. Caffery, 161 La. 778, 109 So. 488. The dates above mentioned reveal that the appeal was prosecuted within the delay prescribed by that article.

■ It is defendant's contention that the order of executory process was defective in that there was a lack of authentic evidence to justify its issuance. We shall endeavor to hereafter discuss the grounds relied on.

The first objection urged is that the act of mortgage was not signed by the mortgagee, the Federal Land Bank, but was executed only by the mortgagor, his wife, and by J. J. Lewis, the secretary-treasurer of the Jonesboro National Farm Loan Association; and that therefore there was no authentic evidence of the mortgagee's acceptance of it. We think that this is without merit. The act of mortgage, a certified copy of which is in the record, recites that: "And the said promissory note having been paraphed 'Ne Varietur' by me, Notary, in order to identify the same herewith, has been delivered unto the said Federal Land Bank of New Orleans, through J. J. Lewis, Secretary-Treasurer of Jonesboro National Farm Loan Association, who hereby acknowledges the receipt thereof."

This reveals that the said Lewis was acting as agent for the Federal Land Bank in the execution and acceptance of the mortgage, to the knowledge of the mortgagor. This agency relationship was confirmed and approved by the filing of this suit. In view of this, and as the act of mortgage was authentic in form, we hold that authentic evidence of acceptance existed.

Defendant also insists that there was no authentic evidence of the mortgagee's action in declaring all installments of the note due and payable. The acceleration clause of the mortgage, to which mortgagor agreed, provides: "And the said mortgagor hereby confesses judgment in favor of the mortgagee herein, or any future holder or holders of said note, up to the full amount of principal and interest, attorney's fees, premiums of insurance, taxes and costs, and does, by these presents, consent, agree and stipulate that, in the event of said note, or any installments thereon, not being promptly paid at maturity, or in the event of failure to comply with any of the obligations herein undertaken, said note shall ipso facto and at once mature and become due and payable, anything therein contained to the contrary, notwithstanding, and it shall be lawful for and the mortgagor hereby authorizes the then holder or holders of said note, without making a demand or putting in default, a putting in default being hereby expressly waived, to cause all and singular the property herein mortgaged and hereinabove described, to be seized and sold, after due process of law. * * *"

Assuming arguendo that such clause does not dispense with the necessity of a formal maturing declaration, we find attached to the petition a certificate showing an alleged excerpt from a resolution passed by the executive committee of the Federal Land Bank at a meeting held on March 3, 1936. This excerpt declares loan No. L-12266 of General Hall to be immediately due and payable and directs the foreclosure of the mortgage given in connection therewith. The certificate bears the signature of an assistant secretary of plaintiff and also the seal of that institution. Although said attached instrument is not an authentic act, and some criticism might be made regarding its phraseology and composition, it is sufficient in form to mature the entire loan, according to the jurisprudence of this state. The case of Colonial Trust Co. v. St. John Lumber Co., 138 La. 1033, 71 So. 147, 148, presented an appeal from an order of executory process. A question involved related to the sufficiency of a declaration by the mortgagee corporation maturing the outstanding bonds. The Supreme Court stated:

"Now, how could the declaration in question, unilateral in its nature, have been made to appear by an authentic act as defined in our Codes? The notice given to the defendant was under the corporate seal and was signed by the vice president and secretary of the corporation. A corporate act so verified makes prima facie proof of the facts recited, but is not an authentic act. See Interstate Trust & Banking Co. v. Powell Bros. & Sanders Co., 126 La. [22] 25, 52 So. 179. An acknowledgment of the notice before a notary and two witnesses would not have converted the notice into an authentic act. Baker v. Baker, 125 La. [969] 974, 52 So. 115. As the deed of trust required no particular form or proof of the declaration in question, and as authentic evidence of the action of the corporation in the premises was impossible from the nature of the case, we are of opinion that the notice as given under the seal of the corporation was sufficient."

The next complaint of defendant is that $53.94 of plaintiff's claim is for taxes alleged to have been paid by it, and that such item is not supported by sufficient evidence. In our opinion, this objection is meritorious. It is true that the mortgage authorizes the mortgagee to pay any unpaid taxes affecting the property and to include that in the mortgage indebtedness; but there is no proof whatsoever in the record showing the payment of taxes by plaintiff, other than an allegation of the petition and an attached ex parte and unsigned statement. It was certainly possible for plaintiff to have obtained receipts from the tax collector and to have submitted them with its application for the order of executory process. In the absence of such evidence, the order was defective to the extent of the claim for taxes paid. The case of Communy v. O'Sullivan, 129 La. 628, 56 So. 618, inferentially holds that proper and attached tax receipts are sufficient evidence to support an order such as the one herein involved. It was held in Nichols v. Grice, 6 La.Ann. 446, that an order of seizure and sale should not be issued for costs of protest, when there was no evidence that the notes had been protested.

There is also a miscellaneous charge of 50 cents shown on the ex parte statement attached to the petition and included in the claim. This item is not supported by any evidence, and should be excluded for the same reasons above given regarding the charge for taxes paid.

Defendant complains of various items of interest on which executory proc-

ess issued. The note and mortgage provide that the principal sum bears interest at the rate of 5½ per cent. per annum. The note also provides that it is "subject to the terms of the act of mortgage securing this indebtedness today executed by the undersigned." It is stipulated in the mortgage instrument that "any defaulted payments, taxes, liens, judgments or assessments which may be lawfully assessed against said mortgagor shall thereafter bear interest at the rate of eight per cent. per annum." According to the brief of plaintiff's counsel, the Farm Credit Administration, has, in an effort to assist its borrowers, reduced the above 8 per cent. interest rate to 6 per cent. The very confusing and complicated statement, attached to and made a part of plaintiff's petition, discloses that 5½ per cent. per annum interest is claimed on the principal sum of the loan, while 6 per cent. interest is charged on defaulted payments and taxes, and 4 per cent. interest on several unmatured balances of extensions. Interest cannot be charged on the taxes herein, because of the disallowance of the item of taxes. As to the remaining interest charges, in the first place defendant certainly cannot complain of the rate reduction allowed him by plaintiff, and in the second place, the act authorizing the imposition of such interest rates is authentic in form. If the interest indebtedness claimed by plaintiff has been paid or has been extinguished in some other legal manner, defendant has his remedy under articles 738 and 739 of the Code of Practice, and not by appeal.

It is contended by defendant that there is no authentic evidence showing as a fact that there were installments which were not paid when due, or, if any, the dates when they became delinquent. The authentic act of mortgage, a certified copy of which is attached to the petition, shows that the loan is repayable in 35 fixed annual installments, the first being due February 1, 1920, and the subsequent installments being respectively due the same date of each year thereafter, until all are paid. The petition specifically recites that the installments due on the said note on the 1st day of February, 1933, 1934, 1935 and 1936, respectively, are past due, exigible, and unpaid. In so far as the objection listed in this paragraph is concerned, that allegation together with the provisions of the authentic act, herein referred to, are suffi-

cient, in our view, to justify the issuance of executory process.

The disallowance of the above-mentioned items does not require the annulling of the order of executory process. It is to be amended to the extent of that part of the claim rejected. Iberia Cypress Co., Ltd., v. Christen et al., 112 La. 451, 36 So. 491.

Accordingly, it is ordered that the decree of executory process, herein appealed from, be reversed as to the charges for taxes and the miscellaneous item of 50 cents, and interest thereon, and be affirmed in all other respects. Costs of this appeal shall be paid by plaintiff.