Ludeling vs. Sheriff et al.

No. 12,694.

Mrs. M. C. Ludeling vs. J. Garrett, Sheriff, et al.

MOTION TO DISMISS.

In testing jurisdiction the title to the property which had been seized (but subsequently released), and the damages claimed in the petition for injunction, presented inseparable issues, as plaintiff's title was denied on trial of claim for damages.

The property seized, the title to which was an issue in the case, and the damages brought the appeal within the court's jurisdiction.

ON THE MERITS.

Only actual damages allowed against the defendant in injunction.

The demand as to the sheriff made by one of the defendants was rejected.

APPEAL from the Fifth Judicial District Court for the Parish of Ouachita. *Potts, J.*

*Chas. J. Boatner* and *F. G. Hudson* for Plaintiff, Appellant.

*Munholland & Munholland* for Defendants, Appellees.

Argued and submitted January 13, 1898.

Opinion handed down January 24, 1898.

The opinion of the Court was delivered by

Breaux, J.    This was an injunction.    In her petition for a writ of injunction plaintiff complained of a seizure made of her property under a writ of *fieri facias* issued on a judgment rendered in a suit entitled Bonecaze Shoe Company, Limited, vs. Succession of John T. Ludeling.    She alleged that no judgment was rendered against her, and that the writ of *fi. fa.* under which her property had been seized was directed against the succession of John T. Ludeling and Maria C. Ludeling, and that the writ of *fieri facias* was not a writ under which it was possible to seize and sell property of a succession.

She alleged that she had suffered damages in one sum of five hundred dollars, occasioned by the unlawful seizure, and in similar amounts in counsel fee for obtaining the injunction.

In September following the date of the seizure made on defend-

ant's, the seizing creditor's order, the seizure was released, and afterward the creditor answered plaintiff's petition for an injunction, pleading a general denial and averring specially that Mrs. Ludeling's individual property had been seized.

The judgment of the District Court sustained the injunction, but rejected plaintiff's demand for damages.

Plaintiff appealed to the Circuit Court. On appeal that court determined *ex proprio motu* that it was without jurisdiction of the issues involved; that in addition to damages claimed there was a question of title to the property seized which brought the amount in dispute within the jurisdiction of this court.

Plaintiff then appealed to this court.

Here the defendant appellee moved to dismiss the appeal on the ground that this court is without jurisdiction *ratione materia*.

The question of jurisdiction is the first before us for determination.

The Circuit Court, in the opinion dismissing the suit, said: "After carefully reviewing the record we did not find that defendant had judicially admitted that the property seized belongs to Mrs. Ludeling, nor can the inference be drawn from the fact that the seizure was released. It was necessary that the court should decide the question of ownership first in order to perpetuate the injunction, for if Mrs. Ludeling was not the owner she had no cause of action."

Defendant's answer especially denies her ownership.

In our view the foregoing statement of facts is correct. With reference to the law in the nature of things plaintiff could not recover damages for the illegal seizure of property she claimed, without proof that she was the owner, as alleged.

The defendants have denied her allegation. As to the ownership of the property, her ownership *vel non* became an issue. Evidently, prior to a determination of that issue, she could not stand in judgment. The release of the seizure, as relates to the jurisdiction of the court, did not affect the question involved. The defendant had denied the title. The abandonment of the seizure did not have the effect of admitting that the property was owned by the plaintiff; nor did it have the effect of admitting that plaintiff was entitled to damages, notwithstanding she did not prove that the property which had been seized was hers.

As against a seizing creditor, one seeking to arrest a sale by

injunction on an allegation of his ownership, is bound to make out his title by clear written evidence.   Jones vs. Lake, 43 An. 1024.

In the manner the controversy is before us, title to the property seized and the damages growing out of the seizure are inseparable issues and are considered together in determining the value of interests involved, and the jurisdiction of this court.

The court declined to dismiss the appeal.


### ON THE MERITS.

It does not appear that the seizure disturbed the planting operations of the plaintiff.   If it was a hindrance to the cultivation of the place, it was not shown on the trial.

We would not feel justified—in assuming that plaintiff's credit was impaired; that her laborers were less controllable, or that the seizure was in any manner harassing.   There is a complete absence of all evidence in the record in this respect.   This disposes of the question of damages; if any directly grew out of the seizure of the place.

This brings us to the question of the execution, which issued under the judgment.

There can be no controversy about the writ of *fieri facias* as issued. It had no binding force, and gave no right to the judgment creditor to seize succession property, or the property of the plaintiff in injunction.

This the judgment creditor realized and ordered the return of the writ.

It now only remains for us to determine whether the plaintiff in injunction, whose injunction is sustained, is entitled to recover attorney's fee as damages.   We recall to mind two cases in which such a fee was sanctioned.

In White vs. Givens, 29 An. 573 a case similar upon this point, the court said: " The seizure was unlawful, " and allowed attorney's fee to plaintiff in injunction, whose injunction was sustained.   In Gilkerson Sloss Company vs. Yale & Bowling, 47 An. 695, also plaintiff in injunction recovered counsel's fee.

Plaintiff, in order to prevent an unlawful sale of her property, under a writ of *fieri facias* which was absolutely null, was compelled to engage. counsel.   The appearance of counsel in the case to

assert her right as owner of the property seized is evidence of services rendered for which she is bound.

The amount expended by her for the services, or the amount she owes, is due to her by the seizing creditor.

We must take it that an amount is due, in regard to which testimony was heard without objection in the District Court.

We do not think that the sheriff is liable *in solido* with the defendant Bonnecaze Shoe Company, Limited.    The writ was issued in accordance with the latter's instruction. It was issued by the proper officer, from a court of competent jurisdiction, and under a valid judgment.    Crow vs. Sheriff, 45 An. 1225; Brainard vs. Head, 15 An. 490.

It is therefore ordered, adjudged and decreed that plaintiff have judgment against the Bonnecaze Shoe Company, Limited, for the sum of two hundred and fifty dollars ($250), with five per cent. interest from the date of this judgment; that the demand for these damages against the sheriff be rejected.

With this amendment, the judgment of the District Court is affirmed at appellee's cost.