On Motion to Dismiss.
LAND, J.
This cause was before us on a former appeal, which was dismissed in April, 1903, because the amount of bond for a devolutive appeal was not fixed by the order of court granting the appeal.
In May, 1903, Mrs. S. Blum, alleging herself to be a resident of the state of Mississippi, and C.. Y. Winfree, surviving partner and liquidator of the late commercial firm of Win-free, Adams & Lloyd, a resident of the state of Virginia, applied for and obtained an order of appeal returnable on May 25, 1903. The return day was subsequently extended to June 22, 1903, and thereafter extended so as to protect the appeal during the pendency of mandamus proceedings against the clerk. The transcript was filed August 4, 1903.
Defendants and appellees moved to dismiss the appeal on the following grounds, viz.:
“First. That the appeal was not taken or perfected within one year from the day on which the judgment appealed from was rendered, and is therefore barred.
“Second. That an appeal has heretofore been prosecuted by the appellants now before the court from the judgment now appealed from, and same was dismissed by this honorable court in ease No. 14,590 on the docket thereof, styled ‘S. Blum & Co. et al. v. A. J. Wyly et al.,’ and the same cannot be renewed.
“Third. That the transcript or record of appeal was not filed in this court on or before the return day of the appeal, nor within the time prescribed by law and jurisprudence.”
Mrs. Blum was not a party to the original suit. S. Blum & Co., a commercial firm domiciled in Louisiana, was one of the plaintiffs. Her claim is that pending- the suit the firm was dissolved, the note sued on was transferred to S. Blum, and that on the death of Blum she became his universal legatee. Mrs. Blum was made a party to the first appeal without prejudice.
After that appeal was dismissed, no proceedings were taken in the court below except the taking of the present appeal, as before stated.
The firm of S. Blum &' Co. was composed of Sol Blum and Eugene Karpe. The latter is no party to this appeal.
The judgment in the district court was rendered in September, 1901.
In September, 1902, it became res judicata. Mrs. Blum, in her petition, alleged that the firm of Blum & Co. was dissolved in 1901, and thereupon Blum became the owner of the note, and in February, 1901, became a resident of the state of Mississippi. She further alleged that Blum died in January, 1903.
Under this state of facts, Blum was con-eluded by the judgment against the partnership, and his universal legatee is estopped from questioning- the right of the partnership to prosecute the suit and stand in judgment. Blum, without figuring on the record individually, permitted the suit to continue in the name of the firm. If he, pendente lite, acquired the note from the partnership, he was not substituted as plaintiff, but was represented in the litigation by the firm. The judgment bound both the firm and Blum individually. See Johnson v. Weld, 8 La. Ann. 126.
. An appeal lies in fav’or of parties to the record and in favor of third persons not parties. Code Prac. arts. 571, 593. Blum was not a third person. He was a member of the firm, and continued the suit in the name of the firm. The right of the partnership to appeal was limited to one year. An aiDpeal was taken and prosecuted in the name of the partnership.
After its dismissal, and the expiration of the year, the legal representative of Blum takes another appeal. This is not permissible.
*1095 Any other ruling would result in the allowance of two appeals from the same judgment-one hy the party of record, and the other by his assignee not of record.
Such an assignment cannot be considered after judgment in the court below. The record as then made up cannot be amended so as to admit other parties.
The other appellant, Winfree, liquidator, is a nonresident, as shown by the record. He was not concluded by the first appeal. The transcript was filed within the delays granted by this court.
The appeal of Mrs. S. Blum is therefore dismissed, and the appeal of O. V. Winfree, liquidator, is maintained.