**141 So. 76**

**JOINER v. RUARK.**
**No. 31011.**

March 30, 1932.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellant.

J. B. Dawkins, of Monroe, for appellee.

## OVERTON, J.

From the early part of 1924, until September, 1927, plaintiff paid the People's Homestead & Savings Association the dues amounting to $21 a month, on a mortgage and vendor's privilege, executed by Fred E. Tracey in favor of that association on certain real property in West Monroe, La., which, at one time, belonged to Tracey. The property, after the execution of this mortgage, was acquired by Mrs. Willie Ruark as her separate property. It was after this acquisition that plaintiff, who is the daughter of Mrs. Ruark by a prior marriage, began paying the homestead

dues. On September 1, 1927, after these payments had continued for over three years, Mrs. Ruark, who is the divorced wife of defendant, transferred, by notarial act, the property mortgaged, to plaintiff. The recited consideration for the transfer was the assumption by plaintiff of the balance due the homestead association on the Tracey mortgage. This deed was duly recorded. After the execution of the deed, plaintiff continued to pay the homestead dues in accordance with her assumption. Before and after that time plaintiff and Mrs. Ruark lived in the house together, Mrs. Ruark conducted a boarding house there, and plaintiff worked upon a salary basis for another. Plaintiff, being the daughter of Mrs. Ruark, was not charged, nor did she pay, board, and it does not appear that Mrs. Ruark paid rent.

Defendant, claiming to be a judgment creditor of his former wife, Mrs. Ruark, ignored the transfer by her to her daughter, and seized the property transferred, under a writ of fieri facias, as the property of Mrs. Ruark, and proceeded to have it advertised for sale to satisfy the writ. This action of defendant provoked the present suit, which is one in which plaintiff seeks to enjoin defendant and the sheriff of Ouachita parish from proceeding with the sale or interfering with the property on the ground that she, by virtue of the transfer from her mother, is the owner of the property. The defense is that the transfer is a simulation, concocted for the purpose of defeating defendant's judgment.

■■■ It is thoroughly established that, where the sale is a mere simulation, executed in fraud of creditors, it may be disregarded by a creditor of the vendor, and seized as the latter's property. McAdam v. Soria, 31 La. Ann. 862. Where, however, the sale is a real sale, although it be a fraudulent one, and although there be an inadequacy of consideration, the sale cannot be disregarded by creditors, when the property transferred is immovable, but, in order to subject the property to their claims, the sale must be set aside by judgment in an action instituted for that purpose. Brown, Adm'r v. Brown, 30 La. Ann. 966; McAdam v. Soria, supra; Payne & Joubert v. Buford, 106 La. 83, 30 So. 263; Act 46 of 1886.

The uncontradicted evidence in the record shows that the consideration for the transfer was the assumption by plaintiff of the balance due on the mortgage and vendor's privilege in favor of the homestead association. That this assumption was a serious one is shown by the fact that plaintiff, in accordance with that assumption, has paid the amounts that have fallen due to the association. The only position left defendant, as to the lack of genuineness of this assumption, is that plaintiff paid her mother no board, although she boarded with her on the property, and that it was the understanding that plaintiff, instead of paying her mother board, would assume the balance due on the mortgage, and would use the money due for board to pay the mortgage. The evidence, however, fails to disclose any such understanding. So far as appears, Mrs. Ruark had never charged her daughter board, but considered, which is not unusual, that, so long as her daughter remained with her, she was welcome without paying board.

■■■ Defendant is without right to insist, in order to make the sale a simulation, that the true contract be altered by charging plaintiff with board. Such was not the contract

when made. The fact that the contract is one between parent and child may cause it to be regarded with suspicion, but it does not follow that the contract for that reason should be deemed simulated or fraudulent. St. Avid v. Weimprender's Syndics, 9 Mart. (O. S.) 648; Ham v. Herriman, 1 Mart. (N. S.) 535; Maurin & Co. v. Rouquer, 19 La. 594; Kemp v. Kemp, 144 La. 671, 81 So. 221. The fact that Mrs. Ruark remained on the property with her daughter after the transfer does not show that delivery was not made, and, under the circumstances, does not create a strong presumption of simulation. The deed was one by public act. Delivery is deemed to have followed it. Civ. Code, art. 2479. As Mrs. Ruark and her daughter were living together on the property at the time of the transfer, we fail to see how a more effective delivery could have been made, unless it be held, which would be unwarranted, that Mrs. Ruark should have left the place. Any presumption of simulation that might have arisen, under article 2480 of the Civil Code, from the fact that Mrs. Ruark continued to remain on the property after the transfer, is fully overcome, not only by the natural desire of the mother and daughter to continue to live together, but by the entire record. In our view, the transfer was not a simulation. Hence defendant had no right to ignore it.

The trial judge rendered judgment for defendant, dissolving the writ of injunction that issued, and rejecting plaintiff's demand. The judgment should be reversed.

The judgment is set aside, and judgment is now rendered, reinstating and perpetuating the injunction that issued, defendant to pay the costs in both courts.