REGAN, Judge.
Plaintiff, Herbert L. Boyle, the owner" of lots 1, 2, 3 and 4 in Square 8 of Beverly Knolls Subdivision, instituted this suit against defendant, Louis L. Streiffer, the owner of the adjoining lot No. 5, situated in the same square' and subdivision, requesting injunctive relief permanently restraining the defendant, his agents and the General Outdoor Advertising Company (not a party defendant herein) from entering or erecting upon his property a sign or billboard.
The defendant answered and generally denied the allegations of plaintiff’s petition except to.'admit ownership1 of .Lot 5- and that he executed a written lease for a portion thereof to General Outdoor Advertising Company.
After a trial on the merits the court, a qua, dismissed plaintiff’s suit at his cost. Hence this appeal.
The record reflects that on or about July 18th, 1951, defendant leased to General Outdoor Advertising Company advertising space measuring three ánd one-half feet in-depth by approximately sixty feet. in length. The lessee, by virtue thereof, was afforded the right to erect, place and maintain a sign or billboard on the aforementioned property. The lessee agreed" that “food products will be advertised on the above poster panels as much as possible, but it is left to the discretion of the lessee.” This stipulation was apparently ’made a part thereof as a good business- practice, .since defendant, who owned lot 5 and also the improvements situated thereon, had leased the improvements to an individual who operated “Sal’s Food Store.”
On or about July 20th, 1951, • plaintiff observed that employees of the Général Outdoor Advertising Company had entered upon, what he considered to be, his property, without his permission, and’ excavated six locations for concrete footings in *394 which, steel beams were to he placed for support of the sign or billboard.
On July 23rd, 1951, plaintiff requested and obtained from the Twenty-Fourth Judicial District Court for the Parish of Jefferson a temporary restraining order directed to defendant, Louis L. Streiffer, enjoining and prohibiting “the defendant, Louis L. Streiffer and his agents, employees, the General Outdoor Advertising Company or persons acting for him * * * from entering upon plaintiff’s property and erecting a sign or any structure thereon ‡ * % 99
Pending a trial on the merits, the court a qua, on July 30th; 1951, ordered a survey to 'establish the correct boundary lines existing between lots 4 and 5, in order that the court would have the benefit of expert assistance in determining if plaintiff’s property had been encroached upon.
During the trial on the merits it was revealed that a survey of the property had been completed by F. C. Gandolfo, Jr., which reflected that six holes had been dug on plaintiff’s property and were filled with concrete to servé as footings supporting the steel beams attached to the sign or billboard. This survey was not contraverted by either party, although it appeárs that plaintiff had purchased his property in conformity with a survey by Alvin E. Hotard and defendant purchased lot 5 in accordance with a survey by Gilbert & Kelly, neither of which, apparently, agrees with the Gandolfo survey.
On appeal the .only question posed for our consideration i.s whether the General Outdoor Advertising Company was an indispensable party defendant to the suit for injunctive relief.
Plaintiff readily concedes that the General Outdoor Advertising ■ Company was never made a. party defendant in’ the suit nor was it served with citation, but despite thereof, he insists that the defendant was the only necessary party to this suit for injunctive relief, since the facts adequately reflect that the legal relationship of principal - and agent; existed, between defendant and General. Outdoor Advertising Company at the time that the trespass or encroachment occurred upon plaintiff’s property; and, therefore, the principal alone is answerable for his agent’s trespass.
Defendant, on the other hand, points out that the General Outdoor Advertising Company is an indispensable party defendant under the specific allegations of plaintiff’s petition and also by virtue of the nature of the evidence which was adduced in the court, a qua.
The trial judge dismissed the plaintiff’s suit “for the reason that the acts complained of in the petition were not proven to have been committed by the defendant and that the plaintiff has failed to carry the burden of proving the commission by the defendant of any act or acts sufficient to justify the issuance of the injunction prayed for.”
We are of the opinion that General Outdoor Advertising Company was an indispensable party to the suit requesting injunctive relief. The proper party against whom to bring a suit to prevent the commission of an injurious act, is the person who, except for the militant effect of the suit, would commit the act.
It is fundamental that every person who may be affected by a decree must be made a party to the suit since, under our concept of justice, no one should be condemned without a hearing. Burney’s Heirs v. Ludeling, 41 La.Ann. 627, 6 So. 248. This lack of proper parties may be urged either by special plea or by the court ex proprio motu and even on application for a new trial, as'is pointed out in the decision of De Hart v. Continental Land & Fur Company, 196 La. 701, 200 So. 9, 13, where it was said:
“The lack of proper parties in this case is shown by the pleadings. When the absence of a necessary party or parties is apparent from the record, the court may take notice of that fact on its own motion and may refuse to proceed further with-the case. Cucullu v. Walker, 16 La.Ann. 198; Ashbey v. Ashbey, 41 La.Ann. 138, 5 So. 546; Burney’s Heirs v. Ludeling, 41 La.Ann. 627, 6 So. 248; Willis v. Wasey, 42 La.Ann. 876, 8 So. 591, 879; Blum & *395 Co. v. Wyly, 111 La. 1092, 36 So. 202; Succession of Todd, 165 La. 453, 115 So. 653; Harvey v. Engler, 184 La. 858, 168 So. 81”
It is our considered opinion that the judge of the court, a qua, should have made, on his own motion, the General Outdoor Advertising Company a party defendant. The ends of justice were not served in the dismissal of plaintiff’s suit for the reason that the evidence, which had been adduced on the trial thereof, clearly showed that a legitimate dispute existed between plaintiff and defendant and other proper parties and the issues emanating therefrom should have been finally determined by the court both for the immediate relief of the litigants from the throes of an altercation and in the interest of wise public policy.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that this cause be remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson for further proceedings in conformity with the views herein expressed; costs of the appeal to be borne by plaintiff-appellant, all other costs to await the final determination of this case.
Reversed and remanded.
Supplemental Opinion.
PER CURIAM.
We direct attention to the statement made by us that: “It. is our considered opinion that the judge of the court, a qua, should have made, on his own motion, the General Outdoor Advertising Company a party defendant.” We did not intend to hold that the court itself should have taken the necessary steps to make an additional party defendant. What we meant was that the court should have held that it could not grant the relief prayed for in'the absence of a necessary party and that unless that party was made defendant, the suit would have to be dismissed, and that' the court should then have granted to the plaintiff an opportunity to bring the necessary party into the case as a defendant.
Except as herein' explained, neither our opinion nor our decree is in any way affected by this per curiam.
Reversed and remanded.