HAWTHORNE, Justice.
On January 10, 1951, Shelby Edward Sharp sold a piece of community real estate in Baton Rouge to his aunt, Ethel Fitzmorris Prieto, for a stated consideration of $1,669.32 in cash and the assumption by the vendee of $1,730.68 still due on a mortgage covering the property. Twenty days, later Bernice Myers Sharp brought sepa-ration proceedings against Shelby Sharp, and on May 10, 1951, Bernice Sharp filed the present suit against Shelby Sharp, Ethel. Prieto, and the latter’s husband,- Vincent Prieto, alleging that Shelby Sharp had made this sale of community property to defraud plaintiff and her minor children of her community rights, and asking that the sale be set aside and that the property be decreed to be an asset of the community of acquets and gains between plaintiff and *12 Shelby Sharp. A default judgment was taken by plaintiff in the lower court on June 27, 1951, and from this judgment Ethel Prieto alone has appealed.
Shelby Edward Sharp, the vendor of the property which is involved in the instant case, was properly named as one of the defendants in this suit in plaintiff’s petition. However, he was never cited or served with a copy of plaintiff’s petition, and consequently has not been made a party to these proceedings. In brief in this court counsel for appellant argue that failure to cite Shelby Sharp is fatal to plaintiff’s case and pray that this suit be dismissed or remanded to the district court so that the vendor of the property can be made a party to this suit.
We are of the opinion that there is merit in appellant’s contention, and that failure to cite and serve Shelby Sharp is a fatal defect in this case.
It is well settled in the jurisprudence of this state that in a suit to annul a sale as in fraud of the plaintiff’s rights, both the vendor and the vendee of the property are indispensable parties. The naming of the vendor as a defendant in the suit is obviously not sufficient; he must be cited and served with a copy of plaintiff’s petition. Shelby Sharp- should be afforded the opportunity to appear in court and deny the charge of fraud which has been brought against him in the instant case. He cannot be condemned without an opportunity of being heard, and the court in his absence cannot pass upon the validity of the sale he made. Hyde v. Craddick, 10 Rob. 387; Fecel v. Guinault, 32 La.Ann. 91; St. John Lumber Co. v. Federal Nat. Bank, 143 La. 693, 79 So. 223. See also S. Blum & Co. v. Wyly, 111 La. 1092, 36 So. 202; Succession of Todd, 165 La. 453, 115 So. 653; Commercial Nat. Bank in Shreveport v. Haas, 182 La. 502, 162 So. 57; Harvey v. Engler, 184 La. 858, 168 So. 81. In the recent case of Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65, 67, this court said:
“At the outset, it seems clear that neither the claims of plaintiff nor those of defendants can be properly adjudicated without joinder of the Federal Land Bank as a party to the suit. * * * But this cannot be done without citation of the Federal Land Bank, the party primarily affected. * * Forasmuch, then, as its rights are affected, it is an indispensable party to the litigation. [Citing cases.]
“The failure to join the Federal Land Bank as a party was not raised either in the lower court or here. But that is of no moment, as the Court of its own motion may take cognizance of the absence of indispensable parties. [Citing cases.] Under the rule laid down by these authorities, it is proper to remand the case so as to permit the impleading of necessary parties, rather than dismiss the suit.”
In brief filed in this court appellee argues that it was impossible to cite and serve Shelby Sharp, and that his present whereabouts is unknown. This in unfortunate, but the right of a party to be cited and served in a proceeding which *14 affects his property rights is too well' established 'to need further comment. See Art. 206, Lousiana Code of Practice. Moreover, the nullity of a judgment which has been rendered without citation may be shown by any party in interest, whenever and wherever it is sought to be enforced. Waddill v. Payne & Harrison, 23 La.Ann. 773. See Baham v. Stewart Bros. & Co., 109 La. 999, 34 So. 54.
The judgment appealed from is annulled and set aside, and the case is remanded for further proceedings conformable with law and consistent with the views we have expressed above. Costs of this appeal are to be borne by appellee. Taxation of all other costs is to await final determination of the case.