REID, Judge.
Plaintiff brings this expropriation suit to expropriate for highway purposes the full ownership of a 32 x 64 foot tract of land and garage building situated in Square 9 or 101, Hickey, Duncan & Mather Town, City of Baton Rouge, Louisiana, which square is bounded by North Ninth, North Tenth, Florida and Convention Streets.
The defendants-appellees herein are (1) Beatrice Jackson Moorman, (2) Elise Jackson Landry, (3) Laura Jackson Bourgeois, (4) Marie Louise Jackson McConnell, (5) Stewart Robson Jenkins, (6) Andrew J. Lanier, (7) Juliet Jackson Lewis, and (8) Andrew McBurney Jackson.
The garage building located on the tract was owned only by Mrs. McConnell, Mr. Jackson and Mrs. Lewis.
The tract of land is the rear portion of Lot 12 of said Square 9 or 101, Hickey, Duncan & Mather Town, City of Baton Rouge. This Lot fronts 64 feet on the east side of North Ninth Street, with a *76 depth of 160 feet by the parallel lines. The property ydiich is the subject of this law suit is the rear on east 32 feet of said Lot 12. Mrs. Elsie Jackson Landry, one of the defendants herein, owns the remaining or front portion of said Lot 12.
The plaintiff deposited the sum of $800.-00 in the registry of the court which is considered as just and adequate compensation for the property taken. The defendants filed an answer demanding $2400.-00 for the land and $500.00 for the garage situated upon it or a total of $2940.00 together with the interest and expert witnesses fees.
The lower court rendered judgment in the amount of $2300.00 for the land, and $500.00 for the garage situated upon it with legal interest from December 16, 1957 until paid and awarded defendants’ expert appraisers fees of $160.00 for four expert appraisers as damages with legal interest from judicial demand until paid. In addition, awarded the witness fee of $50.00 to each of the three appraisers who testified for the defendant and taxed this as cost.
From this judgment plaintiff brings this appeal.
The specifications of error filed by the appellant is that the trial court erred in accepting defendant’s appraiser’s opinion of the values of expropriated property when it was based upon totally different property as to the land, and was totally without basis as to improvements.
The defendant placed on the stand three expert witnesses, Mr. Charles H. Farrier, Mr. Chester A. McAndrews, and Mr. Jasper Pirello. All three of these appraisers were accepted by the court as experts. Mr. Farrier placed a value on the land of $2300.00 and a value of $575.00 on the improvements. He used as a comparable a sale from Mrs. Clara Flower to Louis Fielding Phillips, John Paul Griffon and Sargant Pitcher, of Lot 6 Square 8 or or 100, Hickey, Duncan & Mather Town. This sale is dated October 8, 1957. Mr. Farrier testified that this property was located just across the street west of the subject property. The Flower property had a two-story frame home on it which he gave a replacement value of $16,780.00. He depreciated these improvements 50% which left a value of the same at $8390.00 which he made even at $8400.00, subtracted this amount from the sales price of $20,000.00, fixed a value of $11,600.00 for the land. Using this as the value of the land he fixed the value of the subject property at $1.13 per square foot, or a total of $2314.24, which he leveled off at $2300.00.
The value of the garage building on subject property was valued at $575.00 and was based on the use of the square footage of the building at a replacement value of $3.00 per square foot. He depreciated 60% on account of its age. This gave him a total value of $2875.00 for the entire property.
Mr. Farrier further testified that the co-owners of the property were very cooperative in handling the same and that one of the heirs owned the front part of said Lot 12. He further showed that subject property was in the rear of Lot 3 of Square 9, or 101 Hickey, Duncan & Mather Town which was owned by three of the heirs of the subject property. While the property had no direct access, the good relationship between the co-owners was such that it could be used by the owners of either one of these two lots, 3 or 12. The garage had been used by three of the co-owners for some time without payment of any rent.
Mr. McAndrews placed a value of $2000.00 on the land only and did not appraise the building because it had been demolished. He used as a comparable the Juliette M. Bourgeois property which was Lot 6 of said Square 9, or 101, Hickey, Duncan & Mather Town. This lot and the whole of Lot 12 of said square are exactly the same size. He testified that this Lot 6 was purchased by the Highway Department at the rate of .977 a square foot. He further testified that the rear part of said *77 Lot 6 was contiguous to the subject property, and that it was an exact comparable.
The last witness, Mr. Jasper Pirello placed a valuation' of $2610.00 on the subject property. He, too, did not appraise improvements. He used the Flower property as a comparable which is the same one used by the other expert, Mr. Farrier. By using this comparable he arrived at a front foot value of $200.00 per front foot for the Flower property. He then testified that he used the depth table contained in McMickle’s Manual and reached a valuation of $2610.00 for the subject property.
The plaintiff used only one expert witness, Mr. Lowell M. Roseman. In arriving at his value of the subject property he used $150.00 a front foot for a normal 128 depth lot in the area. The extra 32 feet on this lot he valued at $25.00 a front foot which would figure $1600.00 which he divided in half and fixed the market value of the property at $800.00. He testified that he did this because of the multiownership of the property and the lack of a clear access. At the time he made his appraisal he had no comparables to use and no market data to substantiate or corroborate his appraisal.
Mr. Bradley C. Mittendorf, who was the other appraiser used by the Highway Department, did not testify because he had passed away in the meantime. Mr. Mit-tendorf signed the Estimate of Jitst Compensation, and it was brought out by the interrogatories filed by the plaintiff that a third appraiser, Mr. Thompson, had made an estimate of $1200.00 for the subject property. Mr. Thompson did not testify in this case.
Mr. Roseman did testify that for the sake of convenience he attributed $400.00 to the improvements of the garage and $400.00 to the land. He admitted under cross-examination that he had placed a value of $500.00 on this garage while testifying on another case. (Department of Highways v. William A. Mears, et ux., No. 61,677 Division D of the Nineteenth Judicial District Court)
The judge of the lower court in his written reasons found that Mr. Roseman’s appraisal of the land was out of line and far too low. He fixed a value of the land at $2300.00 which was the average or median approximately of the evaluations arrived at by the defendant’s three experts.
The court found that the comparable which Mr. Roseman testified to as one he had found on the day of the trial which is situated in Square 48, Suburb Nicaragua was not applicable. These two sales were in 1953 and 1952 and conveyed the property for $1000.00. The court considered that this comparable was too remote in point of time and that property located in that neighborhood was not nearly as valuable as property located in Square 101, Hickey, Duncan & Mather Town. The court further found that Mr. Roseman was not justified in depressing the value of the subject property because of its multiple ownership, and its location.
The lower court gave a judgment in favor of the defendants and against the plaintiff for the said sum of $2300.00 for the land expropriated and gave a judgment in favor of Mrs. McConnell, Mr. Jackson and Mrs. Lewis against the plaintiff for the sum of $500.00 for the garage building.
The State Department of Highways contends that the trial court erroneously allowed the expert fees as damages and allowed legal interest to run thereon from date of judicial demand until paid. This matter has been adversely decided against them.
This court decided this issue recently in State through Department of Highways v. Jones, 138 So.2d 466 and State through Dept. of Highways v. Hart, 137 So.2d 361. See also State, through Department *78 of Highways v. Barineau, 225 La. 341, 72 So.2d 869.
The lower court heard the testimony and is best able to judge the credibility of the witnesses.
We can find no manifest error in his decision and accordingly affirm the judgment of the lower court. See State of Louisiana v. Ragusa, 234 La. 51, 99 So. 2d 20.
Affirmed.