350 So.2d 1279 (1977)
Lavern PHILLIPS et al., Plaintiffs-Appellees,
v.
GREAT SOUTHERN MORTGAGE & LOAN CORPORATION, Defendant-Appellant.
No. 6127.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1977.
*1280 John P. Navarre, Oakdale, for defendant-appellant.
James C. Downs, Alexandria, for plaintiffs-appellees.
Before HOOD, CULPEPPER and GUIDRY, JJ.
GUIDRY, Judge.
In this suit plaintiffs, Lavern and Irene Phillips, alleging that immovable property owned by them was illegally seized by the Sheriff of Allen Parish at the behest of defendant, seeks to enjoin such seizure and have the property released to them. Plaintiffs additionally seek damages and attorney fees. Great Southern Mortgage & Loan Corporation (hereafter referred to as Great Southern) and Sheriff William Cowart of Allen Parish are made defendants. The trial court rendered judgment permanently enjoining defendants from selling or attempting to sell the one acre tract in question and additionally awarded plaintiffs $750.00 in damages and the further sum of $500.00 as attorney fees. Defendant, Great Southern, has taken this suspensive appeal. Plaintiffs have answered the appeal and seek an increase in the amounts awarded as damages and attorney fees. Sheriff Cowart has neither appealed nor answered the appeal of Great Southern.
The facts giving rise to this suit are not seriously disputed.
On and prior to January 25, 1971 Sarah Winn was record title owner of a one acre tract of land, with improvements, situated in Allen Parish and described as follows:
"Beginning at a point 416 feet East and 416 feet South of the Northwest Corner of the Northwest Quarter of Northeast Quarter Section 28, T3S, R3W; thence South 208 feet, West 208 feet, North 208 feet, East 208 feet to the point of beginning, being 1 acre, more or less, LESS and EXCEPT 20 feet on East side of said above described acre for road Right-of-Way together with all improvements situated thereon Allen Parish, Louisiana."
On the aforesaid date Sarah Winn executed a demand note in the amount of $3840.00 made payable to the order of future holders the payment of which note was secured by a conventional mortgage bearing upon the above described property. The mortgage was properly recorded on January 26, 1971. Great Southern is the holder of said note. Great Southern alleges that the remaining balance due under said note is the sum of $139.18, however, plaintiffs assert that said note is fully paid. We need not consider this issue because this alleged indebtedness and the mortgage securing the payment of same do not form the basis for the alleged illegal seizure.
By act of cash sale dated August 19, 1971, recorded March 28, 1972 (Exhibit-Phillips # 2) Sarah Winn conveyed the one acre tract with improvements to her daughter and son-in-law, Addie and William K. Washburn. The sale recites a cash consideration of $6,000.00. At the time this sale was recorded the only indebtedness owed by Sarah Winn to Great Southern was the balance then remaining on the $3840.00 note which was secured by the aforesaid mortgage.
Following the execution and recordation of the above sale Sarah Winn borrowed additional sums of money from Great Southern which loans were evidenced by unsecured promissory notes as follows:

*1281 (a) Promissory note dated June 5, 1972 in the amount of $480.00 executed by Sarah Winn to the order of bearer.
(b) Promissory note dated August 2, 1972 in the amount of $1104.00 executed by Sarah Winn to the order of bearer.
(c) Promissory note dated October 23, 1972 in the amount of $672.00 executed by Sarah Winn to the order of bearer.
By act of cash sale dated December 21, 1972, recorded December 22, 1972 (Exhibit-Phillips # 3) Addie and William K. Washburn conveyed the one acre tract with improvements to Lavern and Irene Phillips. The sale recites a cash consideration of $3,000.00. Lavern and Irene Phillips are the son-in-law and daughter, respectfully, of Sarah Winn.
On April 5, 1973 Great Southern instituted suit against Sarah Winn on the three unsecured notes above described and ultimately secured a default judgment against her in the amount of $2,090.00. Following the rendition of this latter judgment Great Southern caused a writ of fieri facias to issue and the one acre tract in question, with improvements, was seized to the end that it might be sold in satisfaction of said judgment. Following the issuance of this writ and the seizure of the property plaintiffs instituted this suit for an injunction, damages and attorney fees. Defendant, Great Southern, filed answer generally denying the allegations of plaintiffs' petition and reconvened seeking damages for the alleged unlawful issuance of the restraining order, secured by plaintiffs. On the day of trial defendant, Great Southern, filed an amended answer asserting that the sale to Addie and William Washburn dated August 19, 1971 and the sale from the Washburns to Lavern and Irene Phillips dated December 21, 1972, were pure simulations; the one acre tract was still owned by Sarah Winn; and, the seizure should be maintained. We observe at this point that Great Southern upon filing this amended answer did not seek to have Sarah Winn, William Washburn, and Addie Washburn, joined as parties, although in support of its claim that the seizure was valid Great Southern seeks to have the sales hereinabove referred to declared simulations.
As aforementioned after trial the District Court rendered judgment enjoining the seizure and proposed sale and awarded plaintiffs damages and attorney fees.
Defendant on appeal assigns as error the trial court's determination that the sales were valid and not simulations. Appellant further questions correctness of the trial court's award of attorney fees even if the seizure was invalid.
Clearly Great Southern's seizure of the property in question, record title to which vested in Lavern and Irene Phillips, was improper, unwarranted and invalid unless it be established that the sales attacked are in fact simulated sales. This is the only defense asserted by defendant in support of its seizure of plaintiffs' property.
Although defendant-appellant alleges that the sale from Sarah Winn to Addie and William Washburn is a simulation, it did not cause these parties to be joined in this litigation and no evidence appears in the record concerning this sale. Additionally, defendant-appellant seeks to have the Washburn-Phillips sale adjudged a simulation but failed to join the Washburns as parties. The only evidence in the record concerns the circumstances surrounding and following the second sale.[1]
It is well settled that for a creditor to bring an action in declaration of a simulation *1282 he must aver and prove that the act sought to be avoided operates injuriously as to him and he must join all transferors and transferees to the simulated sale or sales since they are indispensable parties. Seixas v. King, 39 La.Ann. 510, 6 So. 416 (1887); Blum & Co. v. Wyly, 111 La. 1092, 36 So. 202 (1904); Theriot v. Daigle, 125 La. 363, 51 So. 292 (1910); Sharp v. Sharp, 227 La. 9, 78 So.2d 491 (1955); LSA-C.C.P. Article 641.
As aforesaid Great Southern's only defense to the instant action lay in its ability to establish the invalidity of the sales in question. Great Southern had the burden to establish that the sales sought to be avoided operated injuriously towards it and that the sales were invalid. In order to assert and prove this defense it was absolutely essential that Great Southern join all transferors and transferees to the alleged simulated sales. This Great Southern failed to do and therefore the issue as to whether or not the sales in question were valid or invalid was not properly before the trial court, should not have been considered by the trial court and clearly could not be adjudicated by the trial court. In a somewhat similar case the court in Sharp v. Sharp, supra, stated:
"Shelby Sharp should be afforded the opportunity to appear in court and deny the charge of fraud which has been brought against him in the instant case. He cannot be condemned without an opportunity of being heard, and the court in his absence cannot pass upon the validity of the sale he made."
The trial judge did not render written reasons in support of the judgment however, we assume, on the basis of the record, that he concluded that although Sarah Winn remained in possession of the property the presumption of simulation (R.C.C. Article 2480) was rebutted. We reach the same result, i. e., the seizure and sale of plaintiffs' property should be enjoined, however, we base our decision on the fact that because of Great Southern's failure to join indispensable parties the defense of simulation was not properly before the court and could not be pronounced. Having so concluded it necessarily follows that defendant was without right to disregard the sale from Sarah Winn to William and Addie Washburn and the sale from the Washburns to the Phillips. As set forth in Joiner v. Ruark, 174 La. 615, 141 So. 76 (1932):
"It is thoroughly established that, where the sale is a mere simulation, executed in fraud of creditors, it may be disregarded by a creditor of the vendor, and seized as the latter's property. McAdam v. Soria, 31 La.Ann. 862. Where, however, the sale is a real sale, although it be a fraudulent one, and although there be an inadequacy of consideration, the sale cannot be disregarded by creditors, when the property transferred is immovable, but, in order to subject the property to their claims, the sale must be set aside by judgment in an action instituted for that purpose."
For the above reasons we conclude that the seizure of plaintiffs' property was clearly unwarranted and invalid and the injunction properly issued.
The sole remaining issues concern adequacy of the trial court's award of damages and the correctness of the judgment insofar as it awards plaintiffs attorney fees. By answer to this appeal plaintiffs seek an increase in both awards.

QUANTUM
The trial judge awarded plaintiffs general damages, presumably for humiliation, mental anguish and inconvenience. Plaintiffs are entitled to such damages. Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3rd Cir. 1969). Plaintiffs contend that the award made is too low.
As a result of the seizure plaintiffs were not deprived of the physical possession of their property, the seizure being constructive only. We entertain little doubt however, that plaintiffs suffered some humiliation and mental worry as a result of defendant's violation of their property rights. The trial court in its discretion allowed plaintiffs $750.00 in damages.
*1283 The trier of fact is allowed much discretion in the assessment of damages. LSA-C.C.P. Article 1934. Unless the record clearly demonstrates that the trier of fact abused this much discretion the award should not be disturbed on appeal. Bitoun v. Landry, 302 So.2d 278 (La.1974); Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1977). Our review of the record in this case reveals no abuse of the great discretion allowed the trial court in the assessment of damages.

ATTORNEY FEES
The trial court awarded plaintiffs $500.00 as attorney fees. Defendant-appellant contends that this was error as attorney fees are not allowable in the absence of contract or statute authorizing same. On the other hand plaintiffs ask an increase in the amount awarded.
We agree that generally recovery of attorney fees is allowable only when authorized by statute or contract. Our jurisprudence has however, created a number of exceptions to this general rule one of which is that attorney fees are allowable when an owner of property is compelled to enjoin an illegal seizure and sale in order to release his property. In Smith v. Atkins, 218 La. 1, 48 So.2d 101, 103 (1950) the Supreme Court stated:
"Where the property of a third person is illegally seized and he is forced to enjoin the seizure in order to release his property, attorney's fees may be recovered as damages. Gilkerson-Sloss Commission Company v. Yale, 47 La.Ann. 690, 17 So. 244; Ludeling v. Garrett, 50 La.Ann. 118, 23 So. 94; Soniat v. Whitmer, 141 La. 235, 74 So. 916; Alfano v. Franek, 159 La. 498, 105 So. 598."
Our research discloses that this jurisprudential rule is still viable.
In support of its contention that attorney fees should not have been allowed in the instant case defendant cites Moses v. American Security Bank of Ville Platte, supra, and Hernandez v. Harson, 237 La. 389, 111 So.2d 320 (1958).
Moses, supra, is inapposite. The dissolution of the writ of fieri facias in Moses arose as an incidental question in the course of the litigation between the parties and not as the result of an independent action to enjoin the seizure in order to have the property released, as is the case here. Hernandez v. Harson, supra, is likewise inapposite. In the latter case attorney fees were disallowed because the seizure was dissolved as a result of an intervention or third opposition being maintained after hearing on the merits, the court there characterizing the suit as one to try title in which attorney fees are clearly not allowable. In fact the Hernandez court was careful to distinguish Soniat v. Whitmer, 141 La. 235, 74 So. 916; Bailey v. Williams, 158 La. 432, 104 So. 197; Ludeling v. Garret, 50 La.Ann. 118, 23 So. 94; and, Gilkerson-Sloss Commission Co. v. Yale, 47 La.Ann. 690, 17 So. 244, in all of which attorney fees were granted, on the basis that in such cases injunctions were obtained. See also our recent decision in May Company v. Heirs of Dessie Sumage, 347 So.2d 916 (La.App. 3rd Cir. 1977). Accordingly, we conclude that in this case attorney fees were allowable.
The final issue concerns adequacy of the amount awarded as attorney's fees. Counsel for plaintiff strenuously argues that his fee should be increased substantially. We have considered the amount of the claim, the time and skill involved in handling it and have decided that the award of $500 as attorney's fees is inadequate. We believe that the fee should be increased to the total sum of $750.
For the reasons assigned it is ordered that the judgment of the trial court be amended so as to increase the award of attorney fees from $500 to $750. In all other respects the judgment of the trial court is affirmed. Appellant is cast for all costs.
AMENDED AND AFFIRMED.
NOTES
[1] The record reflects that, although Mrs. Winn remained in possession of the one acre tract following the Washburn-Phillips sale and that the $3,000.00 cash consideration recited therein was not paid, the true consideration for such sale was the assumption by Lavern and Irene Phillips of the outstanding indebtedness due under the conventional mortgage held by Great Southern. The record further reflects that this indebtedness was in fact paid by Lavern and Irene Phillips to Great Southern. Presumably the trial judge held, in light of this evidence, that the sale of December 21, 1972 was not a simulation. Joiner v. Ruark, 174 La. 615, 141 So.2d 76 (1932). Although unnecessary to our decision we agree with this finding.