BOUTALL, Judge.
Angeline Catanzaro Dambre brought suit against her granddaughter, Angelina Dam-bre Fair and Emile M. Fair, Jr., for rescission of sale, alleging that she owned a certain lot of ground in the City of New Orleans, and on January 20, 1961 the property was transferred by her in the form of a dation en paiement to the defendants through fraud. Additionally she alleged that Angelina Fair fraudulently obtained from her a special power of attorney on May 10, 1977 which was used to execute a sale and resale of the property from the Fairs to the French Market Homestead and back to the Fairs. She made French Market Homestead a defendant along with the Fairs, and sued for rescission of the various sales and the power of attorney.
Following several exceptions the petition was amended several times and was supplemented by additional demands for damages because of fraud, etc. but still demanded rescission of the dation, power of attorney, sale and resale. The only demands pertinent to the French Market Homestead are those relating to the obtaining of the power of attorney and the subsequent execution of the sale and resale. In its final amendment the petitioner alleges a sale to French Market Homestead from the Fairs for $43,000 on May 13, 1977, and a resale from the Homestead to the Fairs for $30,000 on the same date. Petitioner alleges that the Homestead either unlawfully retained or disbursed the $13,000 difference, and that the sale and resale for the lesser price constitutes fraud against the petitioner. She further alleged that the entire transaction constituted fraud perpetrated upon her by the Fairs (who held a fraudulent power of attorney) with the full knowledge, consent, privity and aid of the French Market Homestead.
The Homestead directed an exception of no cause of action against these allegations, contending that it reveals no action of fraud on its part, and that any allegations of fraud must be urged with particularity in accordance with Code of Civil Procedure 856. The Homestead argues to us that the sale and resale is nothing more than the device permitted by the statutory law in order to permit homesteads to obtain a vendor’s lien and privilege along with a mortgage on property securing a loan. See L.R.S. 6:833 as delineated in Act 234 of 1970.
We point out that under the exception of no cause of action, the well pleaded allegations of the petition are to be taken as true, without reference to any defensive matter or any other pleadings filed by defendant. The petition contains sufficient allegations that the defendants Fair had obtained a fraudulent power of attorney from plaintiff, that the Homestead was aware of this, and that the Homestead *628 nevertheless passed the sale and resale, either keeping or improperly disbursing the $13,000 difference in the price. Although highly unlikely to be proven on trial, these facts would constitute a minimum requirement for asserting a cause of action. While we of course have knowledge of the statutory law, we are not aware from the pleadings in this petition that a sale and resale was made solely for the purpose of obtaining additional security for a loan.
 Correspondingly, if we would consider that that was the only purpose of the sale, then we are faced with the proposition that the defendant Homestead would be an indispensable party to this action. Code of Civil Procedure Article 641 defines an indispensable party and provides that no adjudication of an action can be made unless all indispensable parties are joined therein. Assuming that the sale and resale by the Homestead created its hoped for vendor’s lien, that lien stands against the property unless removed. This suit is for the rescission of the sale and resale, and such a rescission would of course directly affect the vendor’s lien and mortgage contained in the resale. In an action to annul this sale on grounds that it was made in fraud of a third party plaintiff’s rights, both the vendor and purchaser are indispensable parties. Sharp v. Sharp, 227 La. 9, 78 So.2d 491 (La.1955). We would distinguish the case of Overby v. Beach, 220 La. 77, 55 So.2d 873 in which the excepting French Market Homestead was dismissed from the suit on exception of no cause of action where the decree of rescission was sought by the party who placed the loan upon the property. In our case, the plaintiff, if successful against the Fairs only, would still be faced with the problem of removing the vendor’s lien and mortgage from which she allegedly received no benefit.
Accordingly, we are of the opinion that the trial court erred in dismissing suit against the defendant Homestead, and there is now judgment rendered in favor of plaintiff Angeline Catanzaro Dambre and against the defendant French Market Homestead, dismissing and overruling its exception of no cause of action, remanding the matter for further proceedings consistent with this judgment.

REVERSED AND REMANDED.