552 So.2d 1255 (1989)
AMOCO PRODUCTION COMPANY
v.
Helen Miley McMorris, wife of and Eugene M. McMORRIS, et al.
No. CA 88 1572.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
*1256 James A. Barton III and Susan Knight, New Orleans, for Amoco Production Co.
Charles Borde, Denham Springs, for McMorris, et al.
James E. Kuhn, Denham Springs, for Harry Miley, et al.
David N. Schell, Jr., New Orleans, for The Keyes Group.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
This is an appeal of a judgment holding that a mineral lease acquired by Amoco from Leo Miley was null; that a transfer of property from Leo and Ruth Miley to Helen Miley McMorris was a valid transfer and that a mineral lease acquired by Amoco from Cynthia Miley Nelson, Vicki Miley Hess and Harry L. Miley, Jr. was null.

FACTS
Ruth and Leo Miley had two children, Helen Miley McMorris and Harry Miley. Harry Miley predeceased Leo Miley, who died on April 24, 1977. Harry had three children: Cynthia Miley Nelson, Vickie Miley Hess and Harry Miley, Jr. (the Miley grandchildren).
On February 21, 1935, the property in question was acquired in the name of Ruth Miley, who was married to Leo Miley at the time. The act of sale reflected that Ruth Miley was purchasing the property with her separate and paraphernal funds and for reinvestment of the same.
On March 3, 1976, Amoco acquired a mineral lease on the property in question from Leo Miley. Ruth Miley was not a party to the lease. The lease was not recorded until June 11, 1976. On March 10, 1976, Ruth and Leo Miley transferred the title to the property in question to their daughter Helen Miley McMorris, through a cash deed. The transfer was recorded on March 11, 1976. The vendors, Ruth and Leo Miley, reserved lifetime usufructs over the property. At the time of the transfer the parties executed a counterletter stating that the consideration stated in the deed, $50,000, was not paid. The counterletter was not recorded.
In October, 1979, Ruth Miley and Eugene and Helen Miley McMorris executed an oil, gas and mineral lease to John Keyes which was recorded, as amended, on October 24, 1979. By an instrument executed on March 2, 1981, for an increased royalty, Ruth Miley, and Eugene and Helen Miley McMorris ratified the mineral lease Leo Miley had granted to Amoco, but only as it related to another tract of land in the lease, not the land in question.
On July 1, 1981, the Miley grandchildren sold a mineral lease on the property in question to Amoco. Amoco instituted an action against Ruth Miley, Helen Miley McMorris, the Miley grandchildren and the Keyes group to set aside the sale to Helen Miley McMorris and the Keyes lease. The Keyes group reconvened against both Amoco and the Miley grandchildren and sought a declaration that the Amoco leases were invalid.
The trial court held that the sale to Helen Miley McMorris was a valid transfer and that the Amoco leases purporting to cover the property in question were null.
*1257 The issues for review are whether the trial court erred in finding that the sale of the property from Leo and Ruth Miley to Helen Miley McMorris was a valid transfer, and that the leases acquired by Amoco from Leo Miley and the Miley grandchildren are without effect as to the property in question.

VALIDITY OF SALE
Amoco and the Miley grandchildren allege that the sale of the property from Leo and Ruth Miley to Helen Miley McMorris was a simulated sale and was therefore invalid. They contend that the reservation of a lifetime usufruct by Leo and Ruth Miley and their remaining in possession of the property created a presumption of simulation which has not been rebutted; that no consideration was given for the transfer of property and that the transfer would fail as a donation.
La.C.C. art. 2480 states:
In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale.
In Russell v. Culpepper, 344 So.2d 1372, 1377 (La.1977) the Louisiana Supreme Court stated:
When a vendor reserves a usufruct for himself and remains in possession of the property sold, the law presumes the transfer a simulation. A simulation is a feigned or pretended sale clothed with the formalities of a valid sale. There the parties intend the property to remain in the vendor's patrimony and for no consideration to pass. It is a sham and, as a result, an absolute nullity.... To rebut this presumption the vendee must prove a good faith transaction resulting in a true alienation of ownership for consideration.... In sum, the vendee must establish the parties' good faith intention to transfer ownership, the delivery of the property, and an exchange of consideration. (citations omitted and emphasis supplied)
At the time of the "sale" of the property, the parties executed a counterletter stating that the sum of money stated in the agreement was not paid and was stated in the agreement "for convenience only". The counterletter was not recorded. The counterletter does not state or imply that the parties did not intend for a transfer to take place, only that the sum stated in the opinion was not paid. The "price" paid for the transfer of the land in the sale was fifty thousand dollars "and other good and valuable consideration". Since the parties have admitted that the sum of money was not paid we must examine the evidence to determine if "other good and valuable consideration" was given for the transfer.
The depositions of Ruth Miley and Helen Miley McMorris and documentary evidence regarding the property and the succession of Leo Miley were the only evidence submitted to the trial court.
Although the trial court did not file written reasons, it must have believed that the consideration given was the past services of Helen Miley McMorris in taking care of her parents and her promise to take care of them in the future. It is undisputed that Helen Miley McMorris and her husband moved on the property in question with her parents to take care of her parents. She provided assistance to her father, who was an invalid, until his death and was still caring for her mother during the trial of these proceedings. The intention of Leo and Ruth Miley was to transfer the property to Helen Miley McMorris as payment for past services performed by her and for her promise to care for them in the future.
A party to an act may prove by parol evidence that consideration, although completely different than that recited in the act of sale, was in fact given. Bell v. Bell, 339 So.2d 1333 (La.App. 3rd Cir.1976); see also Quinn v. Stafford, 357 So.2d 628 (La.App. 1st Cir.1978). Past services and the promise to support may qualify as consideration in a transfer of property. See Russell; Quinn.
*1258 There was ample evidence that the intention of Leo and Ruth Miley was to transfer the property to Helen Miley McMorris for past services and her promise to care for them in the future. No evidence was presented as to the value of the property or the value of the services rendered.
Consequently, the issue of the value of the services rendered in relation to the land or whether the sale was lesionary has not been raised and is not before us on appeal. There is evidence that the sale was for past and future services which were performed and are still being performed. This is sufficient to maintain the validity of the sale.
Appellants further argue that there was no change of possession or delivery of the property since Leo and Ruth Miley and Helen McMorris lived on the property before and after the sale.
In Russell v. Culpepper, 344 So.2d at 1378, the court upheld the validity of a transfer of property when both vendor and vendee resided on the property before and after the transfer. The law considers the tradition or delivery of immovables, as always accompanying the public act, which transfers the property. La. C.C. art. 2479. In Joiner v. Ruark, 174 La. 615, 141 So 76, 77, (1932) the Louisiana Supreme Court stated:
The fact that Mrs. Ruark remained on the property with her daughter after the transfer does not show that delivery was not made, and, under the circumstances, does not create a strong presumption of simulation. The deed was one by public act. Delivery is deemed to have followed it. Civ. Code art. 2479. As Mrs. Ruark and her daughter were living together on the property at the time of the transfer, we fail to see how a more effective delivery could be made, unless it be held, which would be unwarranted, that Mrs. Ruark should have left the place.
It would be somewhat ridiculous to require that Leo and Ruth Miley vacate the premises when part of the consideration for the transfer is the promise of continued care for them. Helen Miley McMorris acted as owner of the property, as shown by her lease to the Keyes group. This argument is without merit.

VALIDITY OF LEASES
Having determined that the sale of property from Leo and Ruth Miley to Helen Miley McMorris was a valid transfer we now examine the effect on the leases obtained by Amoco.
An instrument involving immovable property shall have effect against third persons only from the time it is filed for registry in the parish where the property is located. La. C.C. art. 1839 [formerly La. C.C. art. 2266 (1870) ]. The lease by Amoco from Leo Miley was not recorded until June 11, 1976, three months after recordation of the transfer to Helen Miley McMorris. Amoco's lease from Leo Miley is null, although Amoco might still have a claim against its vendor.
Additionally, Amoco's lease was null because it was granted by Leo Miley and the property was titled solely to Ruth Miley. At the time the lease was granted La. C.C. art. 2334 (since repealed) prohibited the husband from encumbering community property of record in the name of the wife without the written authority or consent of the wife. Ohio Oil Co. v. Ferguson, 213 La. 183, 34 So.2d 746, 755 (1946).
We find the lease between Amoco and the Miley grandchildren to be a nullity. Since we found the transfer to Helen Miley McMorris to be valid, the property did not pass through the succession of Leo Miley. Consequently, there is a lack of evidence as to any ownership interest of the grandchildren to the property in question.
We find no error in the judgment of the trial court. All costs of this appeal are assessed against the appellants.
AFFIRMED.
LOTTINGER and LeBLANC, JJ., concur.